Thomas M. Stark, J.
Petitioner, a duly elected Councilman of the Town of Babylon has commenced this article 78 proceeding seeking to annul a determination made by the respondents on September 30, 1970.
The proceeding itself is not before the court. The respondents have moved to dismiss the petition on two grounds and have not answered. Respondents first argue that the court is without jurisdiction since the petition and notice were served with insufficient time to answer and secondly assert that petitioner is not a party aggrieved.
If there was short service of the petition and notice by petitioner in this matter, the respondents’ attorney, nonetheless received telephonic notice of the correct return date and of the fact that a mistaken return date was included in the notice as served. Respondents admit service of the petition on October 29,1970, the notice attached thereto' made the petition returnable on November 2, 1970; respondents’ counsel received actual notice that such date was an error and that the return date was December 2,1970.
All parties appeared on December 2, and argued before the court. Respondents actually had in excess of 20 days to answer the petition and knew it; there is no failure of jurisdiction.
Subdivision 7 of section 267 of the Town Law provides in part: “Any person or persons, jointly or severally aggrieved by any decision of the board of appeals or any officer, department, board or bureau of the town, may apply to the supreme court for review by a proceeding under article seventy-eight of the civil practice law and rules ”.
Petitioner argues that she is an officer of the Town of Babylon and as such has standing to bring on an article 78 proceeding. The town argues that only a person aggrieved may bring on such a proceeding and not a mere officer.
The petitioner is a Councilman of the town and as such is an officer. (Town Law, § 20, subd. 5.)
To reduce the issue to the simplest semantic terms, the question is whether the word “ officer ” is an object of the preposition “of” in the phrase “of the board of appeals or any officer” or is a subject of the verb “may apply ” as if the sentence read ‘ ‘ Any person or persons * * * or any officer * * * may apply”. To resolve this issue the court must examine both the history and the sense of section 267.
Chapter 714 of the Laws of 1926 added section 349-u to the Town Law. Section 349-u, entitled Board of Appeals, is the legislative progenitor of section 267. Section 349-u provided (last sentence of second paragraph) that with respect to an *178 appeal from a determination of an administrative officer to the board of appeals. “ Such appeal may be taken by any person aggrieved, °or by an officer, department, board or bureau of the town.” This provision is identical with the last sentence of subdivision 2 of section 267 as it currently exists. The first sentence of the sixth paragraph of section 349-u read in appropriate part: “Any person or persons, jointly or severally aggrieved by any decision of the board of appeals, or any officer, department, board or bureau of the town, may present to a court of record a petition ’ ’.
In the 1926 enactment, the offsetting of the phrase “ jointly * * * appeals ’ ’ with commas clearly indicates that the intent of the Legislature was that “ any officer ” of the town whether aggrieved or not may present a petition to a court of record to review a determination of a board of appeals. That construction is reinforced by the fact that ‘ ‘ an officer ’ ’ could appeal to the Board of Appeals in the first instance. Clearly, the intent was to permit an officer to appeal to the board and also then from the board to a court.
Chapter 715 of the Laws of 1926 purported to add section 18-f to the Town Law. In the two respects quoted above 18-f was identical to 349-u. In the recodification of the Town Law by chapter 634 of the Laws of 1932, section 18-f was abandoned and section 349-u became section 267 in a form quite similar to the existing section 267 except there were no numbered subdivisions. Current subdivision 7 of .section 267 was the sixth paragraph of the 1932 version of section 267. It was in this recodification that the comma was omitted between the words ‘ ‘ appeals or. ’ ’ However, in no other respects were the two sentences in issue changed.
It is quite apparent that the omission of the comma was inadvertent in subsequent enactments as well. (L. 1947, ch. 70; L. 1952, ch. 771; L. 1962, ch. 310.)
The section deals only with boards of appeals and the article 16 deals only with zoning and planning. To read the sentence as the town would have us read it, 1 ‘ Any person * * * aggrieved by any decision of * * * any officer * * * may apply” would turn the section into one of broad general application relating to court review of any town determination. That is clearly not the context of the section.
The legislative history of subdivisions 2 and 7 of section 267 manifests without doubt that it was the intention of the Legislature to permit both an appeal and a review proceeding to be instituted by an officer of the town without the necessity that such officer be aggrieved.
*179 The merits of the petition were not before the court as the respondents have not yet answered.
The respondents must serve their answer within 20 days of the service upon them of a certified copy of the order to be entered herein with notice of entry and petitioner may thereafter notice the petition for hearing upon eight days’ notice.