Oscar Murov, J.
This is a motion by plaintiff for summary judgment. Defendant cross-moves for summary judgment on the merits and, in the alternative, to dismiss the complaint for failure to state a cause of action and lack of jurisdiction by the court over the subject matter in dispute since plaintiff has failed to allege service of notice of claim in the complaint.
Plaintiffs brought their action to recover legal fees for legal services rendered to Sondra Bachety, a Councilman of the Town of Babylon. Councilman Bachety opposed a resolution of the Board of Zoning Appeals of the Town of Babylon which granted a variance permitting construction of an office building to a height greater than authorized by the applicable Babylon Town Building Zone Ordinance. At the earliest scheduled meeting of the Town Board, Councilman Bachety offered a resolution that the Town Attorney take the necessary court action to prevent the issuance of the building permit. The resolution was defeated and there was thus no authority for the Town Attorney to proceed to take the proposed action. Councilman Bachety thereafter, on her own initiative, retained the plaintiffs to institute article 78 proceedings against the Board of Zoning Appeals. The Town of Babylon Town Attorney represented the Board of Zoning Appeals in the article 78 proceedings and moved for dismissal on the grounds that Councilman Bachety did not have standing to institute the proceeding. Coueilman Bacbety’s stand was vindicated by successive determinations that (a) Councilman Bachety had standing under subdivision 7 of section 267 of the Town Law to seek review (Matter of Bachety v. Volz, 65 Misc 2d 176, affd. 39 A D 2d 842) and that (b) the determination of the Board of Zoning Appeals be annulled.
A resolution was thereafter introduced .at a meeting of the Babylon Town Board which authorized the Town of Babylon *27 •to pay plaintiffs for the service rendered by them to Councilman Bachety, but the resolution failed to receive a second by any of the members present.
The foregoing represents a summary of the significant facts as found by the court and alleged in the complaint. The following shall constitute the court’s findings of law:
Section 65 of the Town Law, ‘ ‘ Actions and proceedings by and against towns ” is the critical section of law applicable to the instant controversy. Subdivision 1 provides in part as follows: “ 1. * * * The town board of any town may authorize and direct any town officer or officers to institute, defend or appear, in any action or legal proceeding, in the name of the town, as in its judgment may be necessary, for the benefit or protection of the town, in any of its rights or property. It shall be the duty of any officer or officers so authorized and directed to institute said action or legal proceeding or to defend or appear therein, and the reasonable and necessary expense of such action or proceeding, or defense or appearance shall be a town charge. No such officer or officers, however, shall employ legal counsel except as directed by the town board.”
Defendant relies upon the strict construction of the statutory language and also the holding in Seif v. City of Long Beach (286 N. Y. 382). In Seif, the Mayor of the City of Long Beach retained counsel to represent the city in litigation. The Charter of the City of Long Beach conferred only to the City Council the power to employ special counsel to represent the city. Arguments of the plaintiff alleging ratification by the Council (based upon the quiet acceptance of the benefits of the services) were rejected. ‘ ‘ Where the Legislature provides that valid contracts may be made only by specified officers or boards and in specified manner, no implied contract to pay for benefits furnished by a person under an agreement which is invalid because it fails to comply with statutory restrictions and inhibitions can create an obligation or liability of the city.” (Self v. City of Long Beach, supra, p. 387).
Plaintiffs cite in support of their position Cahn v. Town of Huntington (29 N Y 2d 451), where the court considered the restrictive language of section 65 of the Town Law and Seif, but nevertheless upheld the plaintiff attorney’s suit for fees. The court reasoned (p. 455) that a municipal officer (such as Councilman Bachety; Town Law, § 20, subd. 5; Bachety v. Volz, 65 Misc 2d 176, supra) notwithstanding lack of specific statutory authority, possessed the implied authority to employ counsel in the good faith defense or prosecution of an action undertaken *28 in the public interest, “ and in conjunction with its or his official . duties where the municipal attorney refused to act, or was incapable of, or was disqualified from, acting [citing cases]
In its analysis of the true meaning of .subdivision 1 of section 65, the court stated (p. 456) that the statute did not negative the authority of officers to employ counsel. “ The thrust of this section is to place the burden of prosecution of actions by a town or its officers against a third party and the defense of actions brought against the town or its officers by a third party upon the judgment and direction of the Town Board [cases cited]. The statute certainly does not apply to litigation between two town officers or boards concerning the proper performance of their duties. ’ ’
Defendants argue that this case is clearly distinguishable from Cahn, in that the Planning Board in the Cahn case was a defendant and the Town Councilman in the case at bar was a plaintiff. Cahn cites Matter of Fleischman v. Graves (235 N. Y. 84), in support of the proposition that implied authority exists in favor of a municipal officer to employ legal counsel in cases where town counsel has refused to act or was incapable of, or disqualified from acting. The Board of Education in the Fleischman case had brought a mandamus proceeding against the City Council. ■ Town counsel properly refused to appear in behalf of the board because his interests were antagonistic to the claims of the board.
In Matter of Hiscox v. Holmes (239 App. Div. 602), the Supervisor refused to honor the Highway Superintendent’s proper orders for expenses. This made it necessary for the superintendent to employ attorneys, the regular Town Attorney not being available because he was responsive to the direction of the Supervisor.
In Judson v. City of Niagara Falls (140 App. Div. 62) a committee of the Common Council was organized to investigate the conduct of the Police Department and of the office of Police Justice. An attorney other than Corporation Counsel was engaged, to serve the committee since Corporation Counsel was legal advisor to the Mayor, who was President of the Police Board, and through him the Police Department.
• The authority to make the appointments was sustained in all of the cited cases without restriction to the role in which the officer was cast in the litigation, whether as plaintiff or otherwise.
The facts in the instant matter are more like Cahn than Seif, for in Seif where the Mayor of the City of Long Beach retained special counsel in the absence of any express statutory author *29 ity, there was not even an implied authority. The City Counsel was available at all times to act for thq benefit of the city and was, in fact, ultimately properly directed by the City Council to proceed in the city’s behalf in the action initiated by the Mayor. I think that under the circumstances of the instant matter, Councilman Bachety had implied authority to procure the services of the plaintiffs.
The motion to dismiss the complaint on the ground that it fails to state a cause of action must be denied. It has been held that the failure to comply with notice requirements is an affirmative defense and not a condition precedent to be pleaded in the complaint. (Caruso v. Incorporated Vil. of Sloatsburg, 35 A D 2d 988.)
The next question that must be considered is the sufficiency of notice. Defendants contend that the court lacks jurisdiction inasmuch as plaintiffs have not served notice of claim as requiréd by subdivision 3 of section 65 of the Town Law. The plaintiffs take the position that their invoices were attached to the resolu- • tian, that all the papers were certified by the Town Clerk and therefore constituted a filing of their notice of claim.
Subdivision 3 of section 65 of the Town Law applicable to notice requirements provides as follows: “On and after the first day of September, nineteen hundred thirty-nine, no action shall be maintained against a .town upon or arising out of a contract entered into by the town unless the same shall be commenced within eighteen months after the cause of action thereof shall have accrued, nor unless a written verified claim shall have been filed with the town clerk within six months after the cause of action shall have accrued, but no such action shall be brought upon any such claim until forty days have elapsed after the filing of the claim in the office of town clerk.”
Plaintiffs concede the claims were not verified. Subdivision 3 of .section 65 of the Town Law is quite specific with respect to the verification requirement. Plaintiffs have pointed to the “ landmark ” decision of Teresta v. City of New York (304 N. Y. 440) wherein it was held that acts and conduct of the city in the treatment of a claim against it operated as a waiver of the statutory requirement for notice to be served upon an appropriate agent either personally or by registered mail. In Matter of Moore v. New York City Housing Auth. (35 A D 2d 553), the court, citing Teresta (supra) stated “the lack of verification may in a proper case be excused ” but in the same breath refused to excuse the failure to serve a notice of claim in the manner and method prescribed by statute.
*30 Subdivision 6 of section 50-e of the General Municipal Law, the section referred to in Ter esta and Moore and a host of other decisions where the court in its discretion corrected, supplied or disregarded, “ mistake, omission, irregularity or defect made in good faith in the notice of claim,” (Board of Educ., Union Free School Dist. No. 5, Town of Greenburgh v. Barbaresi & Son, 25 A D 2d 855; Melisi v. Central School Dist. No. 1, 25 A D 2d 54) has been held not to be applicable to claims other than in torts (Crowley v. City of New York, 189 Misc. 170) and should not be applied herein. (40 N. Y. Jur., Municipal Corporations, § 1140.)
Plaintiffs continue the reference to Teresta and then state on page 3 of their supplementary memorandum of law, “ Although that particular Decision dealt with Section 50-e of the General Municipal Law, Courts have cited it in discussing Section 65(3) of the Town Law [no cases cited] ”. Doubtless, this court has also cited section 50-e of the General Municipal Law in discussing subdivision 3 of section 65 of the Town Law but solely for the purpose of stating that long and diligent search has been made to discover discussions adverted to by defendants, but little success has been had. (Matter of Town of Islip v. Stoye, 29 N Y 2d 524; Wa-Wa-Yanda, Inc. v. Town of Islip, 25 A D 2d 762, affd. 21 N Y 2d 1013; Georg Serv. Corp. v. Town of Summit, 28 A D 2d 578; Reuter v. Town of Babylon, 40 A D 2d 710; Amityville Development Corp. v. Town of Babylon, 30 A D 2d 962; Buchanan v. Town of Salina, 297 N. Y. 508; Rason Asphalt v. Town of Oyster Bay, 6 A D 2d 810; Municipal Serv. Co. v. Town of Colonie, 12 A D 2d 22.) A single reference has been found in Caruso v. Incorporated Vil. of Sloatsburg (35 A D 2d 988, supra). Section 50-e is referred to in an oblique reference as one of a number of notice of claim statutes. Subdivision 6 of said statute is, of course, not mentioned at all.
Hence, while under appropriate circumstances, relief from failure to verify a notice of claim filed in a tort action may be provided (Moore v. New York City Housing Auth., 35 A D 2d 553, supra) no comparable provision has been shown to apply in contract actions. Subdivision 1 of' former section 103 of the Town Law provides that no claim against a town (with certain exceptions not here applicable) shall be paid unless an itemized voucher, verified by or on behalf of the complainant, “ in such form as the town board or town comptroller shall prescribe, and approved by the officer whose action gave rise or origin to the claim, shall have been presented to the town board or town comptroller and shall have been audited and allowed.” Opinions *31 of the State Comptroller indicate that attorneys employed by a town are required to submit a verified or certified complaint (5 Opns. St. Comp., 1949, p. 13). The verification or certification should be verified or certified by the claimant or by someone on his behalf (4 Opns. .St. Comp., 1948, p. 88). ,
Section 103 of the Town Law was replaced by section 118 (L. 1966, ch. 582, § 3, eff. Jan. 1, 1967) and the words “ certified to be true and correct in a statement signed ” were substituted for the word ‘ ‘ verified ’ ’. Here, there is neither verification nor proper certification. The only certification appearing in the record is that of the Town Clerk, but he certifies that the papers are “ a true and correct copy of a Resolution ” and he does not certify on plaintiffs ’ behalf that the submitted vouchers are true and correct.
It is the opinion of the court that plaintiffs have labored valiantly and with the utmost competence in their representation of Councilman Baehety, and that the resolution introduced to the Town Board with invoices attached fails to give notice of the claims, contradicts reason. Yet, the statute (Town Law,
§ 65, subd. 3) is specific “ nor unless a written verified claim shall have been filed with the town clerk ’ ’. Perhaps it is time the State Legislature acted with respect to section 65 of the Town Law as was done with section 50-e of the General Municipal Law. But, until it does, this court is powerless to cure the defect. The court truly feels the plaintiffs merit compensation but is precluded from ordering the same since to do so would be to direct the town officers to perform an act that is unlawful under existing State law. “ Although technical defenses in abatement are not favored where prejudice has not resulted, courts may not relieve a litigant of a positive statutory mandate, even to avoid a harsh result ”. (P. J. Panzeca, Inc. v. Board of Educ., Union Free School Dist. No. 6, Towns of Islip and Smithtown, 29 N Y 2d 508, 510.)
The court’s findings of law may be summarized as follows:
1. Notwithstanding lack of specific authority, a municipal officer possesses the implied authority to employ counsel in the good faith defense or prosecution of an action undertaken in the public interest and in conjunction with his official duties where the municipal attorney refused to act, or was incapable of or disqualified from action. (Cahn v. Town of Huntington, 29 N Y 2d 451, supra.)
2. In an action against a municipality which is based upon contract, “ Service of Notice of Claim ” is not a condition prece *32 dent to be pleaded in the complaint (Caruso v. Incorporated Vil. of Sloatsburg, 35 A D 2d 988, supra).
3. Subdivision 6 of section 50-e of the General Municipal Law, which permits a court in its discretion to correct, supply or disregard a mistake, omission, irregularity or defects made in good faith in the notice of claim is limited in its application to tort actions. No section comparable in effect has been shown to apply to actions in contract.
4. Since the within action sounds in contract and not in tort, this court is without discretion to relieve the plaintiffs from noncompliance with the strict mandate of subdivision 3 of section 65 of the Town Law.
In view of the foregoing, plaintiffs’ motion for summary judgment is denied and the motion by defendants for an order dismissing the action is granted.