BOYER, Judge.
By petition for review pursuant to the Administrative Procedures Act petitioner seeks resolution of a dispute which has arisen between the superintendent and the school board of Liberty County regarding the federally funded Headstart Program in Liberty County and peripheral issues related thereto. No useful purpose will be accomplished by a recitation of the rather complicated factual background. Suffice to say, for resolving the issues presented, our examination of the record convinces us that the challenged resolution which was passed by the school board did not impose an illegal limitation upon the statutory powers of the superintendent (Point One); that such resolution did not constitute a rule within the meaning of F.S. 120.52(14) thereby requiring adherence to the procedure set forth in F.S. 120.54 and that the board did not act improperly in failing to afford the superintendent a “section 120.57 hearing” prior to the passage of the challenged resolution. (Point Two)
The third Point presented to us relates to the refusal of the school board to employ or retain an attorney to represent the superintendent in accordance with the formally adopted and promulgated policies of the school board. We are of the view that when a viable legal issue develops between a superintendent and a school board, as to the respective powers and responsibilities of each, of such magnitude as to reasonably require competent legal advice, each is entitled to independent representation by competent legal counsel at public expense and that the holder of the purse strings is required, upon request, to make appropriate financial arrangements therefor. The record reveals that the Liberty County School Board has adopted a policy (policy # 136) providing that when legal services are needed by the superintendent, the school board may employ or retain a competent attorney to render such services. That policy may not be disregarded simply because the subject dispute is between the superintendent and the school board itself. Analogous, but not directly on point, is this court’s decision in Perkins v. Florida State University, 303 So.2d 415 (Fla.1st DCA 1974), wherein we held that F.S.U. having elected, without legal requirement, to furnish gratuitous transcripts of hearings to some of its employees was required to do so for all. We reject, however, the contention of the superintendent that her entitlement to attorney’s fees in this action is pursuant to F.S. 120.57(l)(b)(9) which provides that “in the event a court reverses an agency’s order, the court in its discretion may award attorney’s fees and costs to the aggrieved prevailing party.” That statute is inapplicable. The superintendent is, nevertheless, entitled to attorney’s fees and necessary costs pursuant to the school board policy as above held.
It is so ORDERED.
SMITH, J., concurs.
MILLS, J., concurs in part and dissents in part.