397 So.2d 352 (1981)
Ernest ELLISON, Auditor General of the State of Florida, Appellant,
v.
David L. REID, Appellee.
No. VV-27.
District Court of Appeal of Florida, First District.
April 8, 1981.
*353 John L. Berry and Jackson D. Ingram, Tallahassee, for appellant.
James R. Rich, and J. Elliott Messer and James C. Hauser, of Thompson, Messer, Rhodes, Vickers & Hart, Tallahassee, for appellee.
Jim Smith, Atty. Gen., and Frank A. Vickory, Asst. Atty. Gen., amicus curiae.
SHIVERS, Judge.
Auditor General appeals a final summary judgment holding appellee property appraiser properly expended public funds for payment of attorney fees incurred by him in successfully defending charges of official misconduct before the Florida Ethics Commission. We affirm.
In January 1975, a former employee of the Palm Beach County Property Appraisers Office filed a complaint against appellee property appraiser with the Florida Ethics Commission, alleging appellee improperly gave examination papers to his employees while attending a training program sponsored by the Department of Revenue pursuant to Section 195.002, Florida Statutes (1973). Additionally, the complaint alleged appellee plagiarized an appraisal report in order to obtain a professional property appraiser's designation.
When the complaint was filed, there were no administrative rules or procedures governing the Ethics Commission. We issued a writ of prohibition against the Commission hearing the complaint in the absence of established rules of procedure. After the Commission promulgated the rules and procedures, it held a hearing on the merits and found no probable cause to believe appellee had used his position to obtain test answers or had plagiarized an appraisal report in order to obtain a professional property appraiser's designation.
Between June 1975 and March 1977, appellee incurred $16,798.97 in attorney's fees for successfully defending the charges before the Commission. Appellee included this expenditure in his budget for approval by the Department of Revenue pursuant to Section 195.087, Florida Statutes (1975), and, prior to the payment of these fees, the Department of Revenue approved appellee's budget. However, the Auditor General determined the expenditure was improper because it did not serve a public purpose for appellee to spend public funds for private counsel in his successful defense of charges before the Commission. Appellee then filed a complaint in Circuit Court seeking a declaratory judgment concerning the Auditor General's findings.
The Circuit Court, by final summary judgment, determined appellee was acting *354 in his official capacity and was engaged in the performance of his duties at the time the alleged misconduct occurred. The court confirmed the Ethics Commission's findings that appellee committed no act of wrongdoing and concluded it was proper for appellee to expend a portion of his budget for payment of the attorney's fees.
Appellant contends the activities of appellee were outside the scope of his official powers and duties and were therefore personal in nature, and appellee should be required to bear the entire cost of his defense. We disagree.
The Circuit Court was correct in entering a summary judgment in favor of appellee. In Markham v. State Department of Revenue, 298 So.2d 210 (Fla. 1st DCA 1974), this court stated the general principle that public officers are "entitled to a defense at the expense of the public in a law suit arising from the performance of the officer's official duties and while serving a public purpose." At the time the alleged misconduct occurred, appellee was attending a training program sponsored by the Department of Revenue. Section 195.002, Florida Statutes (1973), referring to the Department of Revenue, states that "the department shall conduct schools to upgrade assessment skills in both state and local assessment personnel." These continuing education schools are sponsored by the International Association of Assessing Officers in cooperation with the Florida Department of Revenue and serve a valid public purpose. The courses are intended to encourage property appraisers and their staffs to become better skilled in their official responsibilities. There is no doubt a valuable public purpose is served in protecting the effective operation and maintenance of the administration of a public office. If a public officer is charged with misconduct while performing his official duties and while serving a public purpose, the public has a primary interest in such a controversy and should pay the reasonable and necessary legal fees incurred by the public officer in successfully defending against unfounded allegations of official misconduct. Therefore, we affirm the final summary judgment holding appellee properly expended public funds for the payment of attorney's fees incurred by him in successfully defending charges of official misconduct before the Florida Ethics Commission.
AFFIRMED.
McCORD and JOANOS, JJ., concur.