423 So.2d 974 (1982)
John LOMELO, Jr., Mayor of the City of Sunrise, Appellant,
v.
CITY OF SUNRISE, Florida, a Municipal Corporation, and Dan Pearl, William "Bill" Colon, Lawrence "Larry" Hoffman, Steven W. Effman, and John Montgomery, As Members of and Constituting the City Council of the City of Sunrise, Florida, Appellees.
No. 81-2249.
District Court of Appeal of Florida, Fourth District.
December 8, 1982.
Rehearing Denied January 12, 1983.
*975 David R. Mackenzie, Lauderhill, for appellant.
Philip S. Shailer of Shailer, Purdy & Jolly, Fort Lauderdale, for appellees Dan Pearl, William "Bill" Colon, Lawrence "Larry" Hoffman, Steven W. Effman and John Montgomery, as members of and constituting the City Council of the City of Sunrise, Fla.
HERSEY, Judge.
The mayor of the City of Sunrise, Florida, appeals from a declaratory judgment which determined that the city had no duty to pay attorneys' fees incurred by the mayor in his successful defense against a felony indictment.
The indictment charged the mayor with corruption by threat against a public servant. Appellant's brief succinctly states the circumstances which led to the indictment.
Appellant testified that he happened to be at the Sunrise Musical Theatre when he observed police officers of the City of Sunrise arresting a young man the Mayor recognized and knew to be a resident of the City of Sunrise.
Appellant then testified that he spoke to the lieutenant in charge of the detail and asked if the boy could be released in his father's custody without having to post a FIVE THOUSAND ($5,000.00) DOLLAR bond.
The indictment alleges that at this point threats were made by Appellant to secure the release of the young man.
The Appellant went on to testify that he then went to the police station and called the City Attorney of the City of Sunrise to ask if he (Appellant) had the authority to release him on his own recognizance through his father.
Based upon his conversation with the City Attorney, the Appellant, as Mayor of the City, released the young man on his own recognizance.
Subsequent to these events the Appellant was indicted.
The Appellant testified that pursuant to the Charter of the City of Sunrise that the Chief of Police reports directly to him.
Appellant, after indictment, sought to have the City Attorney of the City of Sunrise represent him but this was not possible as he had been suspended by the Governor after the indictment was returned. As a result, Appellant had to secure private counsel.... [T]he City Council of the City of Sunrise refused to pay the bill for attorneys services rendered.
Concerning this incident, the indictment set out that appellant did, among other things:
1. Inquire of Lt. Ernest Howey as to whether any "courtesy" could be extended to Michael Bradshaw;
2. Request that Michael Bradshaw be released from custody and the charges be voided or words to the same tenor and effect;
3. Ask if Lt. Ernest Howey would take care of this or would it be necessary to go to someone higher;
4. After being advised by Lt. Ernest Howey that he (Howey) was not the arresting officer but that he would speak with Officer Roberts and support Roberts in any decision he made, did remind Lt. Howey that he, (John Lomelo, Jr.) has a long memory; and
5. That he, (John Lomelo, Jr.) could take care of his (Lt. Howey's) family.
Appellant was acquitted on these charges.
The parties agree that no state statute, city ordinance or provision of the city charter authorizes or requires reimbursement for attorneys' fees under these circumstances. However, appellees, in their brief, concede that:

*976 [A] public officer is entitled to a defense at the expense of the public in defending suits or misconduct charges while performing his public duties and while serving a public purpose. Appellees take no issue with said principle; ... .
We think this accurately reflects the present status of the law. It is settled that a municipal corporation has the right and power to retain and pay private counsel to protect the interests of the municipality and that invasion of those interests may take the form of an attack on one or more public officers. City of North Miami Beach v. Estes, 214 So.2d 644 (Fla. 3d DCA 1968), cert. discharged, 227 So.2d 33 (Fla. 1969). In Markham v. State, Department of Revenue, 298 So.2d 210, 211 (Fla. 1st DCA 1974), the court explicitly states:
It is a fundamental concept of the law in Florida and elsewhere that public funds may not be expended for other than public purposes. Public officers are, of course, entitled to a defense at the expense of the public in a law suit arising from the performance of the officer's official duties and while serving a public purpose. Duplig v. City of South Daytona, Fla.App. (1st) 1967, 195 So.2d 581.
It is neither remarkable nor legally significant that this rule evolved from cases in which the issue is posed in terms of the propriety, after the fact, of municipalities paying legal fees incurred by public officials. The rule and its rationale apply as well pre-payment as post-payment. Thus Shuler v. School Bd. of Liberty County, 366 So.2d 1184 (Fla. 1st DCA 1978), involves as does our case the refusal of the body politic (a school board) to employ and pay for an attorney to represent a public official (the superintendent). Shuler exemplifies an application of the rule discussed in these earlier cases and imposes a "duty to pay."
A recent pronouncement of the Third District Court of Appeal on this issue in City of Hialeah v. Bennett, 376 So.2d 483 (Fla. 3d DCA 1979), is worth repeating here:
Affirmed on the authority of the rule stated as follows in Cahn v. Town of Huntington, 29 N.Y.2d 451, 328 N.Y.S.2d 672, 676, 278 N.E.2d 908, 910 (1972):
[A] municipal board or officer possesses implied authority to employ counsel in the good faith prosecution or defense of an action undertaken in the public interest, and in conjunction with its or his official duties where the municipal attorney refused to act or was incapable of, or was disqualified from, acting.
Accord, Waigand v. City of Nampa, 64 Idaho 432, 133 P.2d 738 (1943); Braslow v. Barnett, 74 Misc.2d 26, 343 N.Y.S.2d 819 (Dist.Ct. 1973); Krahmer v. McClafferty, 282 A.2d 631 (Super.Ct.Del. 1971); see City of North Miami Beach v. Estes, 214 So.2d 644 (Fla. 3d DCA 1968), cert. disch., 227 So.2d 33 (Fla. 1969); cf. Shuler v. School Board of Liberty County, 366 So.2d 1184 (Fla. 1st DCA 1978), cert. dismissed, 368 So.2d 1373 (Fla. 1979).
Subsequently the First District Court of Appeal applied the principle in similar fashion. Ellison v. Reid, 397 So.2d 352 (Fla. 1st DCA 1981).
These cases establish that a municipal corporation or other public body is obligated to furnish or pay fees for counsel to defend a public official subjected to attack either in civil or criminal proceedings where the conduct complained of arises out of or in connection with the performance of his official duties. This obligation arises independent of statute, ordinance or charter. It is not subject to the discretion of the keepers of the city coffers.
The revised home rule charter of the City of Sunrise provides, in pertinent part:
Section 4.04 Mayor: Powers and Duties
(1) The Mayor shall serve in such capacity on a full-time basis.
(2) The Mayor shall serve as Chief Executive Officer of the city and shall see that the provisions of the charter, ordinances, laws and rules of the city are complied with and enforced and may use the police power of the city for such purposes and shall see that peace, good *977 order, safety and good morals are preserved within the city.
Section 4.04 Charter Officers: City Clerk, Legal Officer, Chief of Police
(4) Chief of Police. The Chief of Police shall be the head of the Police Department and shall be responsible to the Mayor, and shall be responsible for the prevention and control of crime and safety and security of the city and its citizens.
John Lomelo, Jr., as a private citizen, had no right or authority to interfere with a lawful arrest in progress. In his capacity as mayor, however, he possessed authority to release an arrestee on his own recognizance or otherwise. Thus it was as mayor that he sought and effectuated the arrestee's release. The indictment alleged that in so doing he violated a criminal statute. Obviously he had no right to threaten the officer or the officer's family. Such conduct would constitute a gross abuse of his power and office. However, he was found innocent of that charge. The remaining facts indicate that he obtained an arrestee's release by virtue of his power as mayor granted in the city charter. Thus he clearly acted in his official capacity and such actions were authorized by the public body. If the city council was or is displeased with his activities other remedies are available. They may not abandon his legal defense simply because they disapprove of his actions.
The trial court found no abuse of discretion in the refusal of the City Council of the City of Sunrise to pay appellant's attorneys' fees. Since we conclude that appellees have no such discretion under these circumstances, we reverse and remand for the entry of a final judgment requiring payment by the City of Sunrise of the legal fees in issue.
REVERSED AND REMANDED WITH DIRECTIONS.
BERANEK and DELL, JJ., concur.