John A. Costa, Esq. Town Attorney, Clarkstown
You informed us that your zoning board of appeals granted a variance and that subsequently an Article 78 action challenging the approval was brought by a neighboring property owner. A majority of the town board, feeling that the granting of the variance was inconsistent with the recent rezoning of the parcel, refused to authorize legal defense of the board of appeals in the Article 78 action. You ask whether the town board acted properly. We believe it did not.
The town board is responsible for authorizing town officers to appear in and defend actions and legal proceedings in the name of the town (Town Law, § 65[1]). No town officer may employ legal counsel except as directed by the town board (ibid.). In a previous opinion, we reviewed the authority of towns to procure legal services and concluded that the office of town attorney is responsible for providing legal services to officers and agencies of town government, except in a case where the town board or a statute has expressly authorized an officer or agency to employ an attorney or contract for legal services (Op Atty Gen [Inf] 83-37).
Thus, the town board is responsible for authorizing the defense of an Article 78 action challenging the grant of a variance by the zoning board of appeals and for authorizing the provision of legal assistance either by the town attorney or other counsel employed for that purpose. However, even without such an authorization, municipal officers possess implied authority to employ counsel in the good faith prosecution or defense of an action undertaken in the public interest, and in conjunction with their official duties where the municipal attorney refuses to act, is incapable of acting, or is disqualified from acting (Cahn v Town of Huntington, 29 N.Y.2d 451, 455 [1972]). For example, where there is litigation between the town board and another town department, the town attorney would have responsibility for representing the town board, thereby necessitating and justifying the department to seek outside counsel (ibid.; Matter of Fleishman v Graves, 235 N.Y. 84
[1923]).
A zoning board of appeals is empowered to hear and decide appeals from and review any order, requirement, decision or determination made by any official with responsibility for enforcing zoning regulations (Town Law, § 267[2]). Additionally, the power to grant variances is authorized.
 "Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of such ordinances, the board of appeals shall have the power in passing upon appeals, to vary or modify the application of any of the regulations or provisions of such ordinance relating to the use, construction or alteration of buildings or structures, or the use of land, so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done." (Id.,
§ 267[5].)
We believe the Legislature recognized that in making determinations on applications for variances, the zoning board would be reviewing regulations established by the town board. Thus, it is specifically provided that no member of the town board is eligible for membership on the zoning board of appeals (id., § 267[1]). This helps to assure that such decisions are made impartially. Further, any aggrieved person and any officer, department, board or bureau of the town may bring an Article 78 action to review a decision of the zoning board of appeals (id., § 267[7]). It follows that a member of the town board, whether or not aggrieved, may commence such an action (Matter of Bachety v Volz,65 Misc.2d 176 (Sup Ct, Spec Term, Suffolk Co, 1970] affd 39 A.D.2d 842
[2d Dept, 1972]).
We believe that a town has a responsibility to defend a decision on an application for a variance made in good faith (compare Rockefeller vTaylor, 69 App. Div. 176 [1st Dept, 1902]) by the zoning board of appeals. The fact that a majority of the town board disagrees with the judgment of the zoning board is not, in our opinion, a valid reason to withhold the provision of legal assistance.
It seems clear that the zoning board of appeals has been established as an independent body in the exercise of its delegated powers. This independence would be undermined if the town board was permitted to substitute its judgment for that of the zoning board of appeals. The denial of legal assistance to the zoning board of appeals in the defense of an Article 78 action challenging the granting of a variance, simply because the town board disagrees with the zoning board's decision, would, in our opinion, constitute an unauthorized interference with the authority of the zoning board to independently determine applications for variances. Further, if members of the town board or if the board as a body disagree with a decision of the zoning board, they may commence an action to review the decision (Town Law, § 267[7]). This is the mechanism that has been provided to town officers disagreeing with a decision of the zoning board of appeals.
We conclude that the town board has a responsibility to authorize the legal defense of a challenge to a decision made in good faith by the zoning board of appeals on an application for a variance.