Mr. Edward Brinson City Attorney City of Kissimmee 615 West Emmett Street Post Office Box 1549 Kissimmee, Florida 32741-1549
Dear Mr. Brinson:
This is in response to your request for an opinion on substantially the following question:
 IS THE CITY OF KISSIMMEE AUTHORIZED TO PAY FOR THE DEFENSE OF ITS FORMER CITY MANAGER WHO WAS CHARGED WITH A VIOLATION OF s. 112.313(6), F.S., IF THE COMMISSION ON ETHICS FOUND "NO PROBABLE CAUSE" AND DISMISSED THE COMPLAINT?
Your letter of inquiry and supplemental attached materials state that a complaint was filed with the Commission on Ethics alleging that your former city manager violated s. 112.313(6), F.S., by a breach of public trust. Specifically, the complaint alleged that certain travel expense reimbursements were improperly applied for and that reimbursement of certain travel expenses was improperly paid to the former city manager. In a memorandum dated November 26, 1984, the Advocate for the Commission on Ethics recommended to the commission that this complaint (No. 84-46) be "dismissed in its entirety" and "that no probable cause be found." Subsequently, in an order dated December 3, 1984, the Commission on Ethics found "that there is no probable cause to believe that the Respondent, as City Manager of the City of Kissimmee, violated Section112.313(6), Florida Statutes, as alleged in this complaint . . . [a]ccordingly, this complaint is dismissed. . . ." See, s.112.324(2), F.S. (providing for dismissal of such complaints). The materials enclosed with your inquiry indicate that the former city manager is requesting reimbursement from the city in the amount of $1,467.00 as attorney's fees incurred in his defense against the complaint filed with the Commission on Ethics and that the Kissimmee City Commission is in doubt as to the legal authority for such reimbursement.
The common law principles discussed and applied in the case of Ellison v. Reid, 397 So.2d 352 (1 D.C.A.Fla., 1981), appear to govern your inquiry and to permit the authorization of payment of attorneys's fees incurred by the former city manager in successfully defending the complaint against him. In Ellison, a county property appraiser successfully defended himself against charges of official misconduct before the Commission on Ethics. The appraiser included in the budget for his office an expenditure of public funds to pay his attorneys's fees. When the Auditor General determined that such expenditure was improper because it served the appraiser's private purpose rather than a public purpose, the appraiser obtained a declaratory judgment that the expenditure was proper where the appraiser was acting in his official capacity and was engaged in the performance of his duties at the time the alleged misconduct occurred. On appeal, the First District Court of Appeal affirmed the trial court's ruling upon the following holding:
 There is no doubt a valuable public purpose is served in protecting the effective operation and maintenance of the administration of a public office. If a public officer is charged with misconduct while performing his official duties and while serving a public purpose, the public has a primary interest in such a controversy and should pay the reasonable and necessary legal fees incurred by the public officer in successfully defending against unfounded allegations of official misconduct.
397 So.2d at 354. The court relied on its earlier opinion in Markham v. State Department of Revenue, 298 So.2d 210 (1 D.C.A.Fla., 1974), stating the general principle that public officers are entitled to a defense at the expense of the public in defending against litigation arising from the performance of official duties and while serving a public purpose. See also, Lomelo v. City of Sunrise, 423 So.2d 974 (4 D.C.A.Fla., 1982), pet. rev. dismissed, 431 So.2d 988 (Fla. 1983), noting that the common law obligation to pay attorney's fees arises independently of statute. Cf., s. 111.07, F.S. (agency of state, county, municipality, or political subdivision authorized to provide attorney to defend civil action arising from complaint for damages or injury suffered as a result of act or omission of officers acting in scope of employment and mandating reimbursement of fees paid by defendant who prevails as against such complaint for damages or injury).
You have directed my attention to AGO 78-97, an opinion of my predecessor in office issued to the Auditor General and concluding that, absent statutory authority, a county officer is not entitled ipso facto to expend the funds of his office to defray the cost of legal services incurred by him in defending against or responding to a complaint filed against him with the Commission on Ethics. To the extent that such opinion is inconsistent with subsequent court decisions relating to the payment of attorney's fees incurred in defending a public official, it is hereby modified.
Therefore, on the authority of Ellison v. Reid, supra, I am of the opinion that the City of Kissimmee is authorized to pay for the defense of its former city manager who was charged with a violation of s. 112.313(6), F.S., if the Commission on Ethics found "no probable cause" and dismissed the complaint, where the city's governing body determines that the alleged misconduct arose from the performance of the manager's official duties and while serving a public purpose. However, the determination as to whether the acts alleged in the complaint against the former city manager arose from the manager's official duties and whether a public purpose was being served at the time of such acts is a mixed question of law and fact which is beyond the authority of this office to answer. See, s. 16.01(3), F.S.; AGO 80-57; Annual Report of the Attorney General (1983), p. viii ("Statement of Policy Concerning Attorney General Opinions"). It would appear that such determination must initially be made by the governing body of the City of Kissimmee based on such factual evidence as the governing body may require to make such determination.
In sum, then, and unless and until legislatively or judicially determined otherwise, it is my opinion that the City of Kissimmee is authorized to pay for the defense of its former city manager who was charged with a violation of s. 112.313(6), F.S., if the Commission on Ethics found "no probable cause" and dismissed the complaint, where the city's governing body determines that the alleged misconduct arose from the performance of the manager's official duties and while he was serving a public purpose.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General