Mr. Frederick B. Karl County Attorney Hillsborough County Post Office Box 1110 Tampa, Florida 33601
Dear Mr. Karl:
You have asked for my opinion on the following question:
May Hillsborough County voluntarily expend public money to reimburse a public official or a county employee for reasonable legal expenses incurred in the successful defense of an ethics charge?
In sum:
Hillsborough County may voluntarily reimburse a public official or a county employee for reasonable legal expenses incurred in the successful defense of an ethics charge if the county determines that the ethics charge arose from the performance of official duties and while serving a public purpose.
According to your letter, Hillsborough County has established a policy which authorizes the county to reimburse its public officials and employees for their reasonably incurred legal expenses. This policy applies in instances where officials and employees successfully defend against charges of a violation of the Code of Ethics for Public Officers and Employees, Part III, Ch. 112, F.S. The county is reevaluating this policy in light of Chavez v. City of Tampa,[1] a case in which the court held that a city was not required to provide reimbursement from city funds for legal expenses a city council member incurred in successfully defending an ethics charges.
In AGO 85-51 this office concluded that the City of Kissimmee was authorized to pay for the defense of its former city manager who was charged with an ethics violation which was subsequently dismissed. Payment of such expenses was conditioned on the city's governing body determining that the alleged misconduct arose from the performance of the manager's official duties and occurred while he was serving a public purpose. This conclusion was based primarily on the common law principles discussed and applied in Ellison v. Reid, 397 So.2d 352 (1 D.C.A. Fla., 1981).
In Ellison, a county property appraiser successfully defended against charges of official misconduct before the Commission on Ethics. In his office budget the property appraiser had included an amount for the payment of his attorney's fees. When a claim was presented to the Auditor General, he determined that such an expenditure of public funds was improper because it served the appraiser's private purpose rather than a public purpose. The appraiser then obtained a declaratory judgment that the expenditure was proper where he was acting in his official capacity and was engaged in the performance of his duties at the time the alleged misconduct occurred. On appeal, the First District Court of Appeal affirmed the trial court's award of fees and stated that:
There is no doubt a valuable public purpose is served in protecting the effective operation and maintenance of the administration of a public office. If a public officer is charged with misconduct while performing his official duties and while serving a public purpose, the public has a primary interest in such a controversy and should pay the reasonable and necessary legal fees incurred by the public officer in successfully defending against unfounded allegations of official misconduct.[2]
In Chavez v. City of Tampa,[3] Ms. Chavez filed suit seeking reimbursement from the city for legal expenses she had incurred in successfully defending a charge of unethical conduct before the Florida Commission on Ethics.
The charge resulted from Chavez's vote, as a city council member, on her petition for an alcoholic beverage zoning classification at business premises she had leased. Prior to her vote, Ms. Chavez had inquired of the city attorney whether her participation in the voting would constitute a conflict of interest. Based on his response, she abstained from the initial vote on the motion to send her own petition to the legal department for drafting into an ordinance. However, Ms. Chavez's abstention resulted in a tie vote which killed her petition and precluded its renewal for at least 12 months. When the announcement of the motion's defeat was made, Chavez declared that she had changed her mind, that she would vote on the motion whether there was a conflict or not. When the new vote was taken, Ms. Chavez voted for the motion and broke the tie. Her petition was revived and moved forward to the next step in the process, and was subsequently returned to the council for further action.
A complaint was filed against Chavez alleging that her tiebreaking vote had violated a provision of the Florida Ethics Code against voting conflicts.[4] Probable cause was found by the Florida Ethics Commission to proceed with an investigation of the violation. At this time she retained counsel and defended the charges before the commission. A hearing was held before a hearing officer and he determined that Ms. Chavez's vote was merely preliminary and procedural and not a vote on the substance of the ordinance itself. Based on that conclusion, the hearing officer recommended a finding that no violation occurred. The hearing officer's recommendation was adopted by the commission and the complaint against Ms. Chavez was dismissed.
Ms. Chavez requested that the city reimburse her legal expenses in defending herself before the commission. The city council declined to do so and she filed suit. Although at the trial level the court ordered the city to reimburse her attorney's fees and costs, it awarded an amount less than she had requested. Ms. Chavez then filed an appeal.
The District Court of Appeal rejected Ms. Chavez's argument that she was entitled to reimbursement of attorney's fees under s.111.07, F.S. This section states that fee awards are authorized "to defend any civil action arising from a complaint for damages or injury suffered." The court determined that this statute "contemplates a judicial proceeding in a court of law, before a judicial officer . . . ."[5] Since the Commission on Ethics is a part of the legislative branch, the court held that "proceedings before that investigative body can not be `civil actions.'" Therefore, the statute did not apply.
The court went on to consider whether Ms. Chavez was entitled to these costs and fees under a common law theory of entitlement and determined that she was not. The court cited Lomelo v. City of Sunrise,[6] for the proposition that a city has no discretion to deny reimbursement of fees to a public official in defending either civil or criminal proceedings where the "conduct complained of arises out of or in connection with the performance of his official duties [and that the] obligation arises independent of statute, ordinance, or charter. . . ." The court set forth the two pronged test which must be satisfied in order to compensate a public official for legal defense expenditures: "[T]he lawsuit [must] arise from (1) the performance of the officer's official duties and (2) while serving a public purpose."[7] (Emphasis of the court.) The court determined that Ms. Chavez had advanced her own private pecuniary interests by her vote and, therefore, failed to satisfy the second condition for entitlement to payment of legal expenses from the public coffers under a common law theory.
Thus, if Hillsborough County makes a determination that acts alleged in an ethics complaint against an official or employee of the county arose from the officer's or employee's official duties and that a public purpose was being served at the time of such acts, the reimbursement of legal expenses for the officer or employee would appear to be authorized under the Chavez case. However, such a determination must be made by the governing body of the county based on such factual evidence as the governing body may require; such a determination is beyond the authority of this office.[8]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] 560 So.2d 1214 (2 D.C.A. Fla., 1990).
[2] 397 So.2d 354. And see, Markham v. State, Department of Revenue, 298 So.2d 210 (1 D.C.A. Fla., 1974), stating the general principle that public officers are entitled to a defense at the expense of the public in defending against litigation arising from the performance of official duties and while serving a public purpose. See also, Lomelo v. City of Sunrise, 423 So.2d 974 (4 D.C.A. Fla., 1982), petition for review dismissed, 431 So.2d 988
(Fla. 1983), noting that the common law obligation to pay attorney's fees arises independently of statute. Cf., s. 111.07, F.S. (agency of state, county, municipality, or political subdivision authorized to provide attorney to defend civil action arising from complaint for damages, or injury suffered as a result of act or omission of officers acting within scope of employment and mandating reimbursement of fees paid by defendant who prevails against such complaint for damages or injury).
[3] Supra at n. 1.
[4] Section 112.3143(3), F.S. (1985), was the statute which Ms. Chavez was alleged to have violated; this section prohibits a public officer from voting officially on any measure which inures to his or her special private gain.
[5] 560 So.2d at 1216-1217. And see, City of Fort Walton Beach v. Grant, 544 So.2d 230 (1 D.C.A. Fla., 1989) (court determined that city councilman was entitled to reimbursement for legal fees under s. 111.07, F.S.).
[6] 423 So.2d 974 (4 D.C.A. Fla., 1982).
[7] 560 So.2d at 1218. Citing Lomelo at 976.
[8] See, s. 16.01(3) and AGO 85-51.