Thomas V. Dannheisser Santa Rosa County Attorney
QUESTION: Is the county required to reimburse a county commissioner for his or her attorney fees incurred in defending a legal action challenging his qualifications to run for office?
SUMMARY: The county is not required to reimburse a county commissioner for his or her attorney fees incurred in defending a legal action challenging his qualifications to run for office.
The payment of attorney's fees incurred by public officials was recently addressed by The Supreme Court of Florida. In Thornber v. City of Fort Walton Beach,[1] the Court recognized the common law principle that "public officials are entitled to legal representation at public expense to defend themselves against litigation arising from the performance of their official duties while serving a public purpose.[2] The case involved the payment of attorneys fees in challenging a recall petition which arose out of the officers' alleged malfeasance in meeting the violation of the Government in the Sunshine Law and later voting on the issues at a public meeting.
The Court held that "[f]or public officials to be entitled to representation at public expense, the litigation must (1) arise out of or in connection with the performance of their official duties and (2) serve a public purpose.[3]
Since the vote taken at the public meeting fell within the officers' official duties, the Court held that the first prong of the test had been met. The Court concluded that the second prong was also satisfied, holding that the officials' actions in defending against the recall petition served a public purpose.[4]
The Court rejected claims that defending against the recall petition only served the elected officers' personal interests in maintaining their position. While the city had no interest in the outcome of the petition, the public did have an interest, and the city had a responsibility, to ensure that the recall petition procedures were properly followed.
You state that the litigation involved in this request arose out of a claim that the county commissioner was not a resident of the required district at the time of the election and, therefore, not qualified to run for office. Thus, the litigation does not appear to arise out of the commissioner's performance of her official duties but rather relate to her actions prior to becoming an official, i.e., her qualifications to be a candidate for office. The first prong of the test recognized by the Thornber
Court, accordingly, would not appear to be satisfied.[5]
As the court in Ellison v. Reid[6] stated:
 There is no doubt a valuable public purpose is served in protecting the effective operation and maintenance of the administration of a public office. If a public officer is charged with misconduct while performing his official duties and while serving a public purpose, the public has a primary interest in such a controversy and should pay the reasonable and necessary legal fees incurred by the public officer in successfully defending against unfounded allegations of official misconduct.
Your inquiry does not involve charges of misconduct while performing the official duties of a county commissioner but conduct which occurred before the commissioner's election to that office. Accordingly, I am of the opinion that the county commissioner is not entitled to be reimbursed for the attorney fees incurred in defending an action challenging his or her qualifications to run for office.
RAB/tjw
[1] 568 So.2d 914 (Fla. 1990).
[2] Id. at 916-917. And see, Lomelo v. City of Sunrise, 423 So.2d 974 (4 D.C.A. Fla., 1982), petition forreview dism., 431 So.2d 988 (Fla. 1983) (such an obligation arises independent of statute, ordinance, or charter and "is not subject to the discretion of the keepers of the city coffers").See also, Markham v. State, Department of Revenue,298 So.2d 210 (1 D.C.A. Fla., 1974).
[3] Thornber v. city of Fort Walton Beach, 568 So.2d 914,917 (Fla. 1990).
[4] Cf., Chavez v. City of Tampa, 560 So.2d 1214 (2 D.C.A. Fla., 1990), in which a city council member filed suit seeking reimbursement from the city for legal expenses she had incurred in successfully defending a charge of unethical conduct before the Florida commission on Ethics. The charge arose from her vote as a council member on her petition for an alcoholic beverage zoning classification at the business premises she leased. While the court determined that the council member was performing her official duties by voting and thus satisfied the first part of the test, the court held that her vote did not serve a public purpose but rather directly advanced her own private interests. Therefore, under the common law, the city was not required to reimburse the council member for her legal expenses.
[5] Cf., AGO 85-51 in which this office concluded that a municipality was authorized to pay for the defense of a former municipal officer charged with an ethics violation which was subsequently dismissed for no probable cause. Payment of such expenses, however, was conditioned upon the city commission determining that the alleged misconduct arose from the performance of the officer's official duties while serving a public purpose.
[6] 397 So.2d 352, (1 D.C.A. Fla, 1981).