Mr. Robert R. McDonald Counsel to the Florida Association of Court Clerks, Inc. Post Office Drawer 1838 Tallahassee, Florida 32302
Dear Mr. McDonald:
On behalf of the Clerk of the Court for Highlands County, the Honorable Luke Brooker, you ask substantially the following question:
Is a retired county officer entitled to be reimbursed for reasonable attorney's fees incurred while defending a civil lawsuit for actions taken while in office?
In sum:
A retired county officer is entitled to be reimbursed for reasonable attorney's fees incurred in successfully defending a civil lawsuit for actions taken by that county officer while in office if the charge arose from the performance of official duties and while the officer was serving a public purpose.
As the ex officio auditor of county funds, the clerk of the court has a responsibility, under certain circumstances, to refuse to sign and deliver county warrants.[1] In light of this responsibility, the clerk questions whether county funds may be used to reimburse the attorney's fees of a retired county officer incurred in defending a civil action arising out of actions the officer took while in office.
Florida courts have recognized a common law right of public officials to legal representation at public expense to defend themselves against litigation arising from the performance of their official duties while serving a public purpose.[2] The purpose of this rule is to avoid the "chilling effect" that a denial of representation might have on a public official in performing his duties properly and diligently.[3] Such an obligation arises independent of statute, ordinance, or charter and "is not subject to the discretion of the keepers of [the] city coffers."[4]
As the First District Court of Appeal stated in Ellison v.Reid,[5]
"There is no doubt a valuable public purpose is served in protecting the effective operation and maintenance of the administration of a public office. If a public officer is charged with misconduct while performing his official duties and while serving a public purpose, the public has a primary interest in such a controversy and should pay the reasonable and necessary legal fees incurred by the public officer in successfully defending against unfounded allegations of official misconduct."
The courts have stated, however, that this obligation arises only when the conduct complained of arises out of, or in connection with, the performance of the officer's official duties and while serving a public purpose. For example, in Chavez v. City ofTampa,[6] a city council member sought reimbursement from the city for legal expenses she had incurred in successfully defending a charge of unethical conduct before the Florida Commission on Ethics. The charge arose from her vote as a city council member on her petition for an alcoholic beverage zoning classification at business premises she had leased.
While finding that the council member was performing her official duties by voting and thus satisfying the first part of the test, the court determined that her vote did not serve a "public purpose," but rather sought to directly advanced her own private interests. Thus, since both prongs of the test were not met, the city was not required to reimburse the city council member for the legal expenditures she incurred in defending the charges.
The Supreme Court of Florida, in Thornber v. City of Fort WaltonBeach,[7] reiterated this common law principle. Citing Chavez v.City of Tampa, supra, the Court held that in order for public officials to be entitled to representation at public expense, the litigation must:
1. arise out of or in connection with the performance of their official duties, and
2. serve a public purpose.[8]
If the above test is satisfied, the public official is entitled to reimbursement of attorney's fees in successfully defending his or her actions. The fact that the official is no longer in public office when the lawsuit is actually filed or resolved would not appear to affect such a right, provided the suit arose from actions taken as a public official and the two-prong test established in Chavez and Thornber is satisfied. To conclude otherwise may result in a "chilling effect" on public officials in performing their duties properly and diligently. The determination, however, as to whether the two-prong test has been met is one that the board of county commissioners as the governing body of the county initially must make.[9]
Accordingly, I am of the opinion that a retired county officer is entitled to be reimbursed for reasonable attorney's fees incurred in successfully defending a civil lawsuit for actions taken by the county officer while in office if the charge arose from the performance of official duties and while serving a public purpose.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Art. V, s. 16, Fla. Const., providing that the clerk of the circuit court in each county shall also serve as "ex officio clerk of the board of county commissioners, auditor, recorder, and custodian of all county funds"; and Mayes Printing Company v.Flowers, 154 So.2d 859 (Fla 1st DCA 1963); Alachua County v.Powers, 351 So.2d 32, 36 (Fla. 1977) (clerk forbidden to sign illegal warrants). And see, s. 129.09, Fla. Stat., providing:
"Any clerk of the circuit court, acting as county auditor, who shall sign any warrant for the payment of any claim or bill or indebtedness against any county funds in excess of the expenditure allowed by law, or county ordinance, or to pay any illegal charge against the county, or to pay any claim against the county not authorized by law, or county ordinance, shall be personally liable for such amount, and if he or she shall sign such warrant willfully and knowingly he or she shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s.775.083."
[2] See, e.g., Markham v. State, Department of Revenue,298 So.2d 210 (Fla. 1st DCA 1974); Ferrara v. Caves, 475 So.2d 1295
(Fla. 4th DCA 1985).
[3] Nuzum v. Valdes, 407 So.2d 277, 279 (Fla. 3d DCA 1981).
[4] Lomelo v. City of Sunrise, 423 So.2d 974 (Fla. 4th DCA 1982), petition for review dismissed, 431 So.2d 988 (Fla. 1983).And see, s. 111.07, Fla. Stat., which authorizes a state agency, county, municipality, or political subdivision of the state to provide an attorney or pay attorneys fees in a civil action arising from a complaint for damages or injury suffered as a result of any act or omission of action of any of its officers, employees, or agents for an act or omission arising out of and in the scope of his or her employment or function.
[5] 397 So.2d 352, 354 (Fla. 1st DCA 1981). And see, Markham v.State, Department of Revenue, 298 So.2d 210 (Fla. 1st DCA 1974), stating the general principle that public officers are entitled to a defense at the expense of the public in defending against litigation arising from the performance of official duties and while serving a public purpose.
[6] 560 So.2d 1214 (Fla. 2d DCA 1990).
[7] 568 So.2d 914 (Fla. 1990).
[8] In Thornber, the officers' legal defense against a recall petition arose out of their alleged malfeasance in meeting in violation of the Sunshine Law and in subsequently voting on the issues at a public meeting. The Court concluded that both prongs of the test had been satisfied, finding that the vote taken at the public meeting fell within their official duties and "[t]he council members' action in defending against the recall petition also served a public purpose." The Court rejected the city's contention that defending against a recall petition only served the elected officials' personal interest in maintaining their positions. While the city had no interest in the outcome of a recall petition, the Court held that the public did have an interest and the city had a responsibility to ensure that the recall petition procedures were properly followed.
[9] See, Ops. Att'y Gen. Fla. 90-74 (1990) (the determination whether the two pronged test for payment of attorney fees of a public official must initially be made by the governing body of the county based on such factual evidence as the governing body may require; such a determination is beyond the authority of this office); 91-58 (1991), and 85-51 (1985).