957 So.2d 12 (2007)
LEON COUNTY, Florida, a Political Subdivision of the State of Florida, Appellant,
v.
STEPHEN S. DOBSON, III, P.A., Appellee.
No. 1D05-4326.
District Court of Appeal of Florida, First District.
January 26, 2007.
*13 D. Andrew Byrne of Cooper & Byrne, PLLC, Tallahassee, for Appellant.
Cynthia S. Tunnicliff and Ben H. Wilkinson of Pennington, Moore, Wilkinson, Bell & Dunbar, P.A., Tallahassee, for Appellee.
PER CURIAM.
Leon County appeals the circuit court's order finding it liable for attorney's fees incurred by Leon County Commissioner Rudy Maloy, who successfully defended himself against criminal charges. Although the circuit court erred in determining that Leon County policy 03-02 constitutes a contract of indemnity for county commissioners, we nevertheless affirm the order. See Robertson v. State, 829 So.2d 901, 906 (Fla.2002) ("This longstanding principle of appellate law, sometimes referred to as the `tipsy coachman' doctrine, allows an appellate court to affirm a trial court that `reaches the right result, but for the wrong reasons' so long as `there is any basis which would support the judgment in the record.'" (quoting Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644-45 (Fla.1999))). On cross-appeal, we affirm the trial court's denial of attorney's fees incurred in this action. We find no merit to the remaining issues raised by the parties.
Leon County policy 03-02, section 3 reads:
[T]he Board of County Commissioners of Leon County shall, pursuant to the procedures set forth herein, reimburse present and former County Commissioners and County public officers, and their present and former employees and agents, including appointees of the Board or such officers, for the reasonable attorney's fees and costs that such persons have incurred when they successfully defend or prevail in civil, criminal, and/or ethical investigations and/or actions that arise out of and in connection with their scope of County employment or County function, while acting in their official capacity, and while serving a public purpose. The Board of County Commissioners shall determine if the attorney's fees and costs shall be reimbursed, and if so, in what amount.

(emphasis added). As the underscored language indicates, the Board retains discretion when it comes to reimbursing commissioners for attorney's fees. When a party reserves the option to not perform under a contract, the contract is a nullity. *14 See Pan-Am Tobacco Corp. v. Dep't of Corrections, 471 So.2d 4, 5 (Fla.1984) ("It is basic hornbook law that a contract which is not mutually enforceable is an illusory contract. Where one party retains to itself the option of fulfilling or declining to fulfill its obligations under the contract, there is no valid contract and neither side may be bound." (citations omitted)); see also Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 631 (Fla. 1st DCA 1999) (requiring parties to a contract to express an intent to be bound by the terms of a collateral document in order for that document to be incorporated into the contract). Accordingly, the trial court erred in finding that policy 03-02 serves as a contractual indemnity clause.
Although the trial court incorrectly allowed reimbursement of fees under a contractual indemnity theory, the order should be affirmed under Florida's common law principle of reimbursement of fees to public officials under certain circumstances. The circuit judge found "as a matter of undisputed fact and as a matter of law in this particular case that [the county commissioner's] participation in FAC [Florida Association of Counties] arose out of or was in connection with the performance of his duties as a Leon County Commissioner." See Thornber v. City of Ft. Walton Beach, 568 So.2d 914 (Fla. 1990); see also Ellison v. Reid, 397 So.2d 352, 354 (Fla. 1st DCA 1981) ("If a public officer is charged with misconduct while performing his official duties and while serving a public purpose, the public has a primary interest in such a controversy and should pay the reasonable and necessary legal fees incurred by the public officer in successfully defending against unfounded allegations of official misconduct."). This common law doctrine applies to criminal proceedings. See Lomelo v. City of Sunrise, 423 So.2d 974, 976 (Fla. 4th DCA 1982).
Although the circuit judge found Maloy's common law claim barred by the doctrine of sovereign immunity, we have now explained that sovereign immunity does not bar such claims. See Maloy v. Bd. of County Comm'rs of Leon County, 946 So.2d 1260 (Fla. 1st DCA 2007) (analyzing interplay of doctrine of sovereign immunity and common law right of public officials to receive legal representation at taxpayer expense in defending themselves against litigation arising out of their official duties and while serving a public purpose). Because the trial court found the county commissioner's actions arose out of his official duties while he served a public purpose, and we do not disagree, the common law entitles the county commissioner to have his legal fees reimbursed by the public. See Thornber, 568 So.2d at 917. Accordingly, we affirm the award of attorney's fees.
On cross-appeal, appellee argues the trial court erred in not awarding him attorney's fees for successfully litigating entitlement to indemnification. We affirm the trial court's denial of fees. See Am. & Foreign Ins. Co. v. Avis Rent-A-Car Sys., Inc., 401 So.2d 855, 858 (Fla. 1st DCA 1981) ("The general rule appears to be that attorney's fees incurred in defense of a claim indemnified against are part of the damages and allowable, but attorney's fees incurred in establishing the right to indemnification are not allowed.").
AFFIRMED.
BARFIELD, ALLEN, and KAHN, JJ., concur.