195 So.2d 581 (1967)
John R. DUPLIG, Appellant,
v.
CITY OF SOUTH DAYTONA, Florida, Etc., et al., Appellee.
No. H-127.
District Court of Appeal of Florida. First District.
February 28, 1967.
*582 Tucker & Fearns, for appellant.
Norton Josephson, Daytona Beach, for appellees.
CARROLL, DONALD K., Judge.
The plaintiff in a suit for declaratory and injunctive relief has taken this interlocutory appeal from an order entered by the Circuit Court for Volusia County, granting the defendants' motion to dismiss his complaint.
The sole question presented for our determination in this appeal is whether that court in the said order properly held that the allegations of the plaintiff's complaint are insufficient to state a claim for the relief sought therein against the defendants.
In his complaint the plaintiff alleges substantially as follows: He is a citizen, taxpayer, and duly-elected city councilman of the City of South Daytona, Florida. The corporate defendant is a municipal corporation established pursuant to a charter by the Florida Legislature, and the individual defendants are the duly elected and acting mayor, all of the remaining members of the city council, and the acting city clerk of the said municipality. At a special meeting of the city council held on July 21, 1965, a majority of the council passed a motion, contrary to certain sections of the city charter and to the state law governing municipalities as set forth in the Florida Constitution and the governing case law on the subject. That motion provided that "the City would provide for the defense of Mayor Jacobs in the Law Suit for Defamation of Character filed against the Mayor by former City Clerk, Helen Nolte, choice of Attorney to be left to Mayor Jacobs."
A copy of the complaint filed in the mentioned defamation action brought by Helen Nolte against the mayor is attached to and made a part of the complaint in the instant case. In her complaint Helen Nolte alleged, in brief and in substance, that at all times mentioned in her complaint she held the public office of City Clerk of the City of South Daytona, an appointive office in which she served at the pleasure of the City Council; that, on May 3, 1965, the defendant, Thornwell Jacobs, Jr., "acting ostensibly in his capacity as Mayor of the City of South Daytona, Florida * * *" called an informal meeting of the City Council at the City Hall, requesting the appearance of the plaintiff, Helen Nolte; and that at the said meeting Jacobs read, uttered, and published to divers persons certain false and malicious statements concerning her. The alleged statements were to the effect that the City Council had lost faith in the said plaintiff in her office as City Clerk, that she had stabbed Jacobs "in the back" by writing political letters for a political adversary, had given privileged information to a member of the City Council, and had helped a political adversary make illegal and unwarranted changes upon the public docket sheet of the Municipal Code, and was carrying on an illicit affair, and that she allowed herself to be used as a tool for opposing political forces that were maliciously attempting to discredit and embarrass the City, Jacobs individually, and a majority of the City Council. After alleging the damages which she suffered as a result of those statements  mental pain, damages to her name, reputation, business, etc.  she demanded of the defendant, Jacobs, compensatory damages in the sum of $150,000 and punitive damages in the sum of $250,000.
In the second count of her complaint, Helen Nolte alleged substantially the same facts concerning the informal hearing of the City Council and the statements made thereat by the defendant, Jacobs, concerning her. There is one omission from the second count, however, that might bear some significance in the present consideration *583  the omission of the allegation in the first count that Jacobs called the informal meeting and made the said statements "acting ostensibly in his capacity as Mayor of the City of South Daytona, Florida. * *" Nevertheless, early in both counts of her said complaint the plaintiff alleged: "That at all times, mentioned hereinafter this complaint [sic], the defendant was the Mayor of the City of South Daytona, Florida."
In the case at bar the defendants, in response to the plaintiff's complaint, filed a motion to dismiss the complaint for failure to state a cause of action, a motion to strike certain portions of the complaint, and a motion for a more definite statement. These three motions, together with the plaintiff's application for a temporary injunction, were heard by the Circuit Court, which then entered the order appealed from herein. In that order the court granted the defendants' motion to dismiss, with leave to the plaintiff to file an amended complaint within ten days, but did not rule upon the other two motions and the said application. The court did not set forth in its said order its reasons for granting the motion to dismiss, but the appellant in his "statement of the case" in his brief declares that the court verbally stated that it was unable to find any allegation in the complaint "that the actions complained of were performed by the Mayor in his personal capacity with bad faith * * *" and that, if the Plaintiff wished to plead violation of certain sections of the City Charter "it was encumbent upon him to spell out what they provide." The appellees in their main appellate brief concede that the plaintiff in his brief correctly stated the statement of the case. In the present consideration, however, the validity of the court's ruling, not its reasons therefor, is the question before us in this appeal.
The principal contention made by the plaintiff-appellant in this appeal is that the action brought by Helen Nolte against Mayor Jacobs was a personal action and hence the motion passed by the City Council on July 21, 1965, providing for the Mayor's defense in that action, was illegal as not being for a legitimate municipal purpose. In evaluating this contention we must first examine the complaint in the said action to see whether the cause of action sued upon is against Jacobs as a municipal official or as an individual.
Judging from the allegations of the complaint filed by Helen Nolte, we think the cause of action alleged by her is basically against Mayor Jacobs in his official capacity rather than against him personally.
The basic rule of law invoked and relied upon by the appellant here in support of his cause of action is that enunciated by the Supreme Court of Florida in Peck v. Spencer, 26 Fla. 23, 7 So. 642 (1890), as follows:
"An ordinance making an appropriation of the funds of a town or city, derived from taxation, for purposes wholly beyond the purview of municipal grant, is a wrongful appropriation of the funds held in trust for the tax-payers and people to pay the alimony and legitimate expenses of the town or city, and is, in short, ultra vires, null and void. Resident tax-payers have the right to invoke the interposition of a court of equity to prevent an illegal disposition of the moneys of a municipal corporation, or the illegal creation of a debt which they, in common with other property holders, may otherwise be compelled to pay. 10 Amer. & Eng. Enc. Law, 962, and numerous authorities there cited; Lanier v. Padgett, 18 Fla. 842; Cotten v. Leon County Com'rs, 6 Fla. 610; Murphy v. City of Jacksonville, 18 Fla. 318."
In the said Peck case a suit in equity was filed in the Volusia County Circuit Court by a taxpayer seeking a declaration that the town council of the Town of Daytona was without authority to authorize the acting mayor of the town to employ counsel to defend at the town's expense a suit that had been filed against the acting mayor *584 in the name of the State by the plaintiff to test the legality of a town election at which the acting mayor defeated the plaintiff. After laying down the rule quoted above, the Supreme Court held that the allegations of the plaintiff's bill were sufficient to justify the issuance of a preliminary injunction to restrain the use of the town funds for the said purpose.
We recognize that the holding of the Supreme Court in the Peck case, supra, is correct as applied to the facts involved in that case. That holding was grounded upon the premise that the Town of Daytona had no pecuniary interest in the result of contested elections. In the case at bar, however, we think that the Town of South Daytona had a pecuniary interest in seeing that its chief executive officer, the Mayor, brought to the attention of the Town Council information concerning the conduct, loyalty, and efficiency of officials serving at the pleasure of the Council. The Supreme Court grounded its conclusion upon the reasoning that the Town Council had no power "to appropriate money in the defense of contested elections in the result of which the corporation had no pecuniary interest whatever. * * *"
Applying the above-quoted rule from the Peck decision literally to the instant appeal, the question before us becomes this: Did the motion passed by South Daytona City Council on July 21, 1965, providing for the defense of Mayor Jacobs in the action for defamation filed against him by Helen Nolte, constitute an appropriation of city funds for a purpose "wholly beyond the purview of municipal grant," so that such appropriation would be wrongful, ultra vires, null and void?
Before answering that question we must first determine the nature of the action which Helen Nolte brought against Mayor Jacobs in order to ascertain whether she sued him as an individual or in his capacity as Mayor of South Daytona. Obviously, the best way to make such a determination is to study the allegations of her complaint, in which she is required by the rules to allege the cause of action on which she is suing in her action.
Thus examining her said complaint, we find that in each of its two counts she alleges that "at all times mentioned hereinafter this complaint, the defendant was the Mayor of the City of South Daytona, Florida." Also, in the first count (but not in the second count) she alleges that the defendant, in calling the informal meeting of the City Council and making thereat the statements concerning her, was "acting ostensibly in his capacity as Mayor of the City of South Daytona, Florida. * *" She further alleges in both counts that at all times mentioned in her complaint she was serving as the City Clerk of the City of South Daytona, serving at the pleasure of the City Council. This being so, we would think that, absent a charter or statutory provision to the contrary, and no such provision is shown here, the Mayor, as the chief executive officer of the City, would have the right, if not the duty, in good faith to bring to the attention of the City Council information which he had concerning the qualification, efficiency, and detrimental conduct of employees and officials of the City who are serving at the pleasure of the Council. We think that the statements which she alleges that the Mayor made at the meeting generally relate to the public offices which she and he held, to the welfare of the City, or to her qualifications for the office of City Clerk, although his statements as to her political activities admittedly do not lend themselves as well as the other statements to distinct categorization as official or personal.
An interesting question arises as to the meaning of the word "ostensibly" in the phrase "acting ostensibly in his capacity as Mayor * * *" in the allegation quoted above from the first count of the Nolte complaint. While the commonly-understood meaning of the word "ostensible" is outward, avowed, professed, or apparent, and the use of that word sometimes carries *585 a suggestion that the thing labeled ostensible is not the real or actual thing, such a suggestion does not necessarily accompany such use. No careful writer, and certainly no legal pleader, should use the word "ostensible" to convey the idea to the reader that the thing called ostensible is not the real thing. Hence, we feel that, if Helen Nolte had wished to allege that Mayor Jacobs acted in his personal capacity, she should have averred that and not have been content with merely alleging that he was acting ostensibly in his capacity as Mayor. Even if this were not so, the allegation containing the word "ostensibly" does not appear in the second count, and any construction of that word would not affect the construction of the second count, which separately alleges the cause of action under our practice.
Considering, as we must, all of the averments in the Nolte complaint from its four corners, we have reached the conclusion that the Circuit Court was correct in its apparent holding that the allegations in the appellant's complaint, incorporating the Nolte complaint, fail to aver sufficiently that the Nolte action was against the appellee in his personal capacity so that this would not be a municipal purpose and the City Council would have no authority to provide for his defense therein through the motion passed by the Council as discussed above.
In so holding we are mindful of the fact that in the order appealed from herein the court granted the motion to dismiss a complaint praying for declaratory relief and the fact that the rule is established in Florida, uniquely applicable to declaratory judgment proceedings, that "the test of the sufficiency of the complaint is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all." See our decision in Hankins v. Title and Trust Co. of Florida, 169 So.2d 526 (1964), and the authorities cited therein.
Addressing ourselves, then, to the question whether the appellant, through the allegations of his complaint, has sufficiently shown that he is entitled to some declaration of rights under the Florida Declaratory Judgments Act (Chapter 87, Florida Statutes, F.S.A.), we think he has not done so. In several cases the Supreme Court of Florida has held that, in order to be entitled to a declaratory judgment or decree, "the moving party should show a doubt as to the existence or nonexistence of some right, status, immunity, power or privilege." See Bryant v. Gray, 70 So.2d 581 (1954), and the cases cited therein. The Supreme Court in Halpert v. Oleksy, 65 So.2d 762 (1953), expressed the rule this way:
"If a genuine bona fide doubt exists, then F.S. Chapter 87, F.S.A. is activated and then  and only then  may the other sections, including F.S. § 87.11, F.S.A. apply."
In view of what we said earlier in this opinion about the nature of the Helen Nolte action, as appears from the face of her complaint, which is incorporated by reference in the appellant's complaint, it is our judgment that the allegations of the latter complaint do not show that there exists the requisite "genuine bona fide doubt" in order to entitle him to the declaration he seeks.
In view of our above conclusion there is no need for us to pass upon the other points raised by the appellant in this appeal.
For the foregoing reasons this interlocutory appeal must be and it is
Dismissed.
RAWLS, C.J., and JOHNSON, J., concur.