407 So.2d 277 (1981)
Charles NUZUM, John Harris, and Sergio Abreu, Petitioners,
v.
Rene VALDES and Florida Beverage License, Inc., a Florida Corporation, Respondents.
No. 81-861.
District Court of Appeal of Florida, Third District.
December 8, 1981.
*278 Harold F.X. Purnell, Tallahassee, for petitioners.
Donsky & Diner and Manuel Diner, Miami, for respondents.
Before HENDRY, NESBITT and JORGENSON, JJ.
NESBITT, Judge.
The petitioners are, respectively, the Director of the Division of Alcoholic Beverages and executive employees of the Division. The respondents, Valdes and Florida Beverage License, Inc., commenced a civil action against the petitioners personally alleging an interference with advantageous business relationships as well as the intentional tort of conspiracy. The complaint alleges that they acted in bad faith and with a malicious purpose. On motion of the plaintiffs, the trial court entered an order prohibiting staff counsel from the Department of Business Regulation from the further representation of the petitioners in their individual capacities. We have entertained the petitioners' application for common law certiorari and review this order because we have determined it constitutes a material injury not remediable after final JUDGEMENT.
Section 111.07, Florida Statutes (1979) provides, in pertinent part:
Any agency of the state, or any county, municipality, or political subdivision of the state is authorized to provide an attorney to defend any civil actions brought against any of its officers, employees, or agents for acts or omissions arising out of and in the scope of their employment or function, unless, in the case of a tort action, such officer, employee, or agent acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
*279 This statute recognizes the common law principle that a public officer is entitled to representation at the public expense in a lawsuit arising from performance of official duties while serving a public purpose. Markham v. State, Department of Revenue, 298 So.2d 210 (Fla. 1st DCA 1974); Duplig v. City of South Daytona, 195 So.2d 581 (Fla. 1st DCA 1967). To deny a public official representation for acts purportedly arising from the performance of his official duties would have a chilling effect upon the proper performance of his duties and the diligent representation of the public interest.
Our study of the statute leads us to conclude that it was the intention of the Legislature that the primary determination as to the allowance of counsel be placed in the respective governmental unit rather than with the judiciary upon challenge by a private litigant.[1] Our view is buttressed by the fact that a court is not in a position to determine whether an officer, agent, servant, or employee has acted in bad faith or with a malicious purpose until the case has been terminated upon the merits. At such a point, legal services then being provided by the agency have been substantially concluded. Consequently we find that the activation of the statute is primarily an executive function.
For the foregoing reasons, the order prohibiting staff counsel of the Florida Department of Business Regulation from representing the director and employees of one of its divisions personally constitutes a departure from the essential requirements of law for which we award them certiorari and quash the order.
NOTES
[1] This of course does not preclude other properly authorized public officials like the attorney general from challenging expenditures made thereunder. See Ellison v. Reid, 397 So.2d 352 (Fla. 1st DCA 1981).