DAUKSCH, Judge.
This is an appeal from a judgment in a declaratory relief action.
The issue on appeal is whether a sheriff must pay, out of public funds, for the attorneys fees and legal costs of one of his deputies who successfully defends a criminal prosecution against the said deputy-
Appellant urges that the holding in Nuzum v. Valdes, 407 So.2d 277 (Fla. 3d DCA 1981) is applicable and that the sheriff is required under the common law to pay for the fees and costs. Nuzum is not directly on point for two reasons. One, because a different statute applies; two, because a different procedure applies.
The statute in Nuzum is section 111.07.
Defense of civil actions against public officers, employees, or agents. — Any agency of the state, or any county, municipality, or political subdivision of the state, is authorized to provide an attorney to defend any civil action arising from a complaint for damages or injury suffered as a result of any act or omission of action of any of its officers, employees, or agents for an act or omission arising out of and in the scope of his employment or function, unless, in the case of a tort action, the officer, employee, or agent acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. Defense of such civil action includes, but is not limited to, any civil rights lawsuit seeking relief personally against the officer, employee, or agent for an act or omission under color of state law, custom, or usage, wherein it is alleged that such officer, employee, or agent has deprived another person of his rights secured under the Federal Constitution or laws. Legal representation of an officer, employee, or agent of a state agency may be provided by the Department of Legal Affairs. However, any attorney’s fees paid from public funds for any officer, employee, or agent who is found to be personally liable by virtue of acting *237 outside the scope of his employment, or was acting in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, may be recovered by the state, county, municipality, or political subdivision in a civil action against such officer, employee, or agent. If any agency of the state or any county, municipality, or political subdivision of the state is authorized pursuant to this section to provide an attorney to defend a civil action arising from a complaint for damages or injury suffered as a result of any act or omission of action of any of its officers, employees, or agents and fails to provide such attorney, such agency, county, municipality, or political subdivision shall reimburse any such defendant who prevails in the action for court costs and reasonable attorney’s fees.
This statute permits the agency to provide representation, it does not directly authorize payment for a private lawyer, or payment after services have been rendered. Appellant seeks that here.
The statute here is section 111.065:
Law enforcement officers, civil or criminal action against; employer payment of costs and attorney’s fees.—
(1) For the purpose of this act, “law enforcement officer” means any person employed full time by any municipality or the state or any political subdivision thereof or any deputy sheriff whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, traffic, or highway laws of this state.
(2) The employing agency of any law enforcement officer shall have the option to pay the legal costs and reasonable attorney’s fees for any law enforcement officer in any civil or criminal action commenced against such law enforcement officer in any court when the action arose out of the performance of his official duties and:
(a) The plaintiff requests dismissal of his suit; or
(b) Such law enforcement officer is found to be not liable or not guilty.
As can be seen this statute gives an option to the sheriff to provide costs and fees, it does not require it. Appellant also urges the “common law” requires the reimbursement. If the common law did require it, then that has been changed by statute.
While we can readily understand why a deputy would expect reimbursement for expenses he suffered by having to defend himself against criminal charges arising out of his official conduct, we cannot require a public official to perform a discretionary act. Perhaps at common law it was a sheriff’s duty to provide a defense for his deputies, as appellant alleges, but the legislature has seen fit to change the common law, as is its prerogative, and made the duty an option. We must affirm.
AFFIRMED.
COBB, C.J., and SHARP, J., concur.