Dr. Ronald K. Wright, M.D. District Medical Examiner District Seventeen Department of Pathology Division of Forensic Pathology 5301 S.W. 31st Avenue Fort Lauderdale, Florida 33312
Dear Dr. Wright:
This is in response to your request for an opinion on substantially the following question:
 IS THE ATTORNEY GENERAL REQUIRED OR AUTHORIZED TO REPRESENT THE DISTRICT MEDICAL EXAMINER IN A CIVIL ACTION ARISING FROM ALLEGED ACTS OR OMISSIONS WITHIN THE SCOPE OF THE DISTRICT MEDICAL EXAMINER'S OFFICIAL DUTIES?
I gather from your inquiry that you have been named as defendant in a replevin proceeding in which the plaintiff seeks return of certain physical evidence seized by your office in the investigation of a death pursuant to Ch. 406, F.S. See, s. 406.11, F.S., requiring the medical examiner of the district in which certain kinds of deaths occur to "determine the cause of death" and to "make or have performed such examinations, investigations, and autopsies as he shall deem necessary or as shall be requested by the state attorney. . . ." No comment is expressed herein as to any right, privilege or duty on the part of the district medical examiner to seize or retain any physical evidence in the course of such statutory examinations, investigations and autopsies.
Section 111.07, F.S., provides in pertinent part as follows:
 Any agency of the state, or any county, municipality, or political subdivision of the state, is authorized to provide an attorney to defend any civil action arising from a complaint for damages or injury suffered as a result of any act or omission of action of any of its officers, employees, or agents for an act or omission arising out of and in the scope of his employment or function, unless, in the case of a tort action, the officer, employee, or agent acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . . Legal representation of an officer, employee, or agent of a state agency may be provided by the Department of Legal Affairs. (e.s.)
Section 111.07 does not define the terms "political subdivision" or "state agency" for purposes of that section. However, s.1.01(9), F.S., provides in pertinent part that, as used in the Florida Statutes where the context permits, the words "political subdivision" include "all other districts in this state." See, s.406.05, F.S., providing that the Medical Examiners Commission within the Department of Law Enforcement "shall establish medical examiner districts within the state. . . ." (e.s.) See also, s.111.071(3), F.S., defining "state agency" for purposes of that section to include "an executive department, a constitutional officer, the Legislature, and the judicial branch." I am not aware of any statute which operates to make the medical examiners' districts established pursuant to s. 406.05, F.S., "state agencies" for purposes of s. 111.07, nor have you directed my attention to such a statute. Rather, it appears that ss. 111.07
and 1.01(9) operate to authorize each such district to provide an attorney to defend a civil action arising from a complaint for damages or injury suffered as a result of acts or omissions of district officers, employees, or agents where such act or omission arises from the scope of the employment or function of such officer, employee, or agent, and that s. 111.07 does not impose any duty on the Attorney General to provide representation for such a district officer, employee, or agent. Cf., Nuzum v. Valdes,407 So.2d 277 (3 D.C.A. Fla., 1981) (primary determination as to allowance of counsel in respective governmental unit rather than with judiciary on challenge by private litigant); Florida Police Benevolent Association, Inc. v. Miller, 464 So.2d 236 (5 D.C.A. Fla., 1985) (authority under s. 111.07 is discretionary with governmental units).
I am similarly unable to conclude that a district medical examiner is a state officer for purposes of representation by the Attorney General pursuant to s. 111.07, F.S. The district medical examiner's fees, salaries, and expenses are established by the board or boards of county commissioners within the district pursuant to the medical examiner's submission of an annual budget to such board or boards, see, s. 406.08, F.S., and compensation and salary and fees to the district medical examiner and associate medical examiners are established by the boards of county commissioners in the respective districts, see, s. 406.07, F.S. Moreover, it further appears from an examination of the provisions of Ch. 406, F.S., generally, and from the authority granted and duties imposed on district medical examiners specifically under s.406.11, F.S., that the jurisdiction of the district medical examiner is circumscribed by the boundaries of the district. Compare, AGO 85-103 and authorities cited therein, noting that the most important indicia of a "state officer" are statewide jurisdiction and payment of compensation by the state.
Another statute authorizing provision of legal services by the Department of Legal Affairs is s. 16.015, F.S., providing in pertinent part that "[t]he Department of Legal Affairs shall be responsible for providing all legal services required by any department, unless otherwise provided by law." (e.s.) This provision originated in s. 11, Ch. 69-106, Laws of Florida, the Governmental Reorganization Act of 1969, and was codified until 1977 at s. 20.11(3), F.S. 1975. See, Ch. 77-105, Laws of Florida, which transferred the provision from Ch. 20, F.S. 1975, to Ch. 16, F.S. See also, AGO 74-389 ("legal services" as used in s.20.11[3], F.S. 1973, includes representation in administrative hearings and in court). Section 3, Ch. 69-106, supra, contained definitions of terms used in that act, including "department." The act's definition of "department" as used therein and as presently codified without change at s. 20.03(2), F.S., provides that such term means "the principal administrative unit within the executive branch of state government." Thus, I am also unable to conclude that s. 16.015 provides statutory authority for representation of the district medical examiner by the Department of Legal Affairs, since it is clear that the district medical examiner is not one of the principal administrative units within the executive branch of state government.
Accordingly, I am of the view that the Attorney General is not required to represent the district medical examiner in a civil action arising from alleged acts or omissions within the scope of the district medical examiner's official duties, nor is the Attorney General authorized by s. 111.07, F.S., or by s. 16.015, F.S., to provide such representation. Cf., AGO 74-389, including a comprehensive listing of governmental units which must or may be represented by the Department of Legal Affairs and noting that no statutory provision specifically prohibits the department from representing any state board, department, or agency.
However, to the extent that s. 16.01(4) and (5), F.S., authorizes the Attorney General to "appear in and attend to, in behalf of the state, all suits or prosecutions, civil or criminal or in equity, in which the state may be . . . in anywise interested" in the appellate courts of this state and in any other of the courts of this state or in the courts of any other state or of the United States, and to the further extent that the Attorney General is a constitutional officer who retains the broad and unenumerated powers of the office prescribed by the common law, I am of the view that the Attorney General may represent a district medical examiner in civil proceedings arising out of his official duties, according to the discretion of the Attorney General. See, s.16.01(6), F.S. (Attorney General shall have and perform all powers and duties incident or usual to such office); State ex rel. Davis v. Love, 126 So. 374 (Fla. 1930) (quoting from State v. Gleason,12 Fla. 190 [1869], recognizing "large discretion" in Attorney General to act in "matters of public concern" as the office is a "public trust"); State ex rel. Landis v. S.H. Kress and Co.,155 So. 823 (Fla. 1934) (grant of specific statutory powers does not deprive Attorney General of common law powers); State ex rel. Shevin v. Yarborough, 257 So.2d 891 (Fla. 1972) (concurring opinion of Justice Ervin) (discussing Attorney General's discretionary duty to choose legal matters in area of public litigation or quasi-judicial administration in which he believes it is his official duty to intervene, in absence of legislative mandate or prohibition). See also, Thompson v. Wainwright, 714 F.2d 1495 (11 Cir. 1983); State of Florida ex rel. Shevin v. Exxon Corporation,526 F.2d 266 (5th Cir. 1976); State ex rel. Boyles v. Florida Parole and Probation Commission, 436 So.2d 207 (1 D.C.A. Fla., 1983) (recognizing Attorney General's discretionary, nonstatutory authority). And see, s. 2.01, F.S., stating that the common and statute laws of England of a general nature, with certain exceptions, down to July 4, 1776, are declared of force in Florida, unless inconsistent with federal or state constitutional or statutory law.
Therefore, unless and until legislatively or judicially determined otherwise, it is my opinion that the Attorney General is not required to represent the district medical examiner in a civil action arising from alleged acts or omissions within the scope of the district medical examiner's official duties, nor is the Attorney General authorized by s. 111.07, F.S., or by s. 16.015, F.S., to provide such representation, although the Attorney General's authority under s. 16.01, F.S., and his retained common law powers would appear to authorize such representation at the discretion of the Attorney General.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General