Honorable Clarence T. Johnson, Jr. Chief Judge Eighteenth Judicial Circuit Brevard County Branch Courthouse 1040 South Florida Highway Rockledge, Florida 32955
Dear Judge Johnson:
You have asked substantially the following question:
 IS A SPECIAL MASTER, APPOINTED BY THE CIRCUIT COURT TO HEAR CHILD SUPPORT ENFORCEMENT MATTERS, ENTITLED TO A DEFENSE AT PUBLIC EXPENSE IN A CIVIL ACTION?
Your inquiry is based upon the following facts. Harvey Alper was appointed Domestic Relations Commissioner (Special Master) for Seminole County by Eighteenth Judicial Circuit Administrative Order No. 81-33 Ci-S, dated December 7, 1981. Mr. Alper's compensation was increased by Amended Administrative Order No. 84-6 Ci-S, dated June 11, 1984. That order also provided:
 That the COMMISSIONER shall serve at the pleasure of the Chief Judge of the Eighteenth Judicial Circuit and is an independent contractor and is not an employee of Seminole County, or the State of Florida, and shall have no claim to pension, worker's compensation, unemployment compensation, civil service, life or group medical insurance or other employee rights or privileges granted to Seminole County's or the State of Florida's officers and employees either by operation of law or by Seminole County, or by the State of Florida. (e.s.)
On August 14, 1984, while conducting a child enforcement support hearing, Mr. Alper announced he was "holding" Eddie Lee Gray in civil contempt and placing him under a 15-day jail sentence with a "purge" amount of $650. Mr. Gray objected and apparently resisted law enforcement officers directed to take him into custody. An order finding Mr. Gray in contempt was later signed by a judge. Mr. Gray was subsequently charged with and convicted of resisting arrest. However, his conviction was reversed on appeal based upon the court's finding that "the master had no authority to order the appellant arrested, and in attempting to arrest appellant, the officers were not engaged in the lawful performance of a legal duty." Gray v. State, 489 So.2d 86, 87 (5 D.C.A.Fla., 1986). An attorney representing Mr. Gray has now served notices of intent to pursue a claim for damages based on the foregoing incident on both Mr. Alper and the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County.
Your letter refers to s. 111.07, F.S., which provides in pertinent part:
 Any agency of the state, or any county, municipality, or political subdivision of the state, is authorized to provide an attorney to defend any civil action arising from a complaint for damages or injury suffered as a result of any act or omission of action of any of its officers, employees, or agents for an act or omission arising out of and in the scope of his employment or function, unless, in the case of a tort action, the officer, employee, or agent acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
The statute provides for the recovery of attorney's fees paid from public funds for any "officer, employee, or agent" found to be personally liable by virtue of acting outside the scope of his employment or in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. If an agency fails to provide an attorney, s. 111.07
provides that the agency shall reimburse any such defendant who prevails in the action for court costs and reasonable attorney's fees.
Section 111.07, F.S., would not appear to authorize provision of an attorney at public expense in a civil action filed against an independent contractor unless such contractor is in fact and law an agent, notwithstanding the terms of any documents relating to the endeavor. Generally, an independent contractor is distinguished from an agent in that the principal retains the right to control the conduct of the agent with regard to the engagement entrusted to him. An independent contractor, however, is not subject to the control of the other in the performance of the engagement but only as to the result. See, Collins v. Federated Mutual Implement and Hardware Insurance Company,247 So.2d 461 (4 D.C.A.Fla., 1971), cert. denied, 249 So.2d 689
(Fla. 1971); King v. Young, 107 So.2d 751 (2 D.C.A.Fla., 1958).
Administrative Order No. 81-33 Ci-S, supra, appoints Harvey Alper to serve as special master "under the direction of the Administrative Judge of the Family Department of the Civil Division" for certain specialized and enumerated purposes. The order further provides for his performance of "such other related functions and duties . . . as the Court from time to time may direct. . . ." While the nature of the relationship may depend on the intent of the parties as expressed in the contract, the contract is not conclusive as to the nature of the relationship, which may depend on the actual practice followed by the parties. Thus, the use of the term "independent contractor" in the administrative order is not necessarily determinative of the status of the relationship. See, 2A C.J.S. Agency s. 12. The determination of Mr. Alper's status as either an "agent" or "independent contractor" is primarily a factual determination beyond the scope of this office's authority. However, since your question may be answered without such a determination, it is unnecessary to decide at this time whether Mr. Alper is or is not in fact and law an "agent" for purposes of s. 111.07.
Section 111.07, F.S., "recognizes the common law principle that a public officer is entitled to representation at the public expense in a lawsuit arising from performance of official duties while serving a public purpose." Nuzum v. Valdes, 407 So.2d 277, 279 (3 D.C.A.Fla., 1981). Denial of representation to a public official "for acts purportedly arising from the performance of his official duties would have a chilling effect upon the proper performance of his duties and the diligent representation of the public interest." Id. This common law principle was relied upon in Ellison v. Reid, 397 So.2d 352, 354 (1 D.C.A.Fla., 1981), in which the court stated:
 [A] valuable public purpose is served in protecting the effective operation and maintenance of the administration of a public office. If a public officer is charged with misconduct while performing his official duties and while serving a public purpose, the public has a primary interest in such a controversy and should pay the reasonable and necessary legal fees incurred by the public officer in successfully defending against unfounded allegations of official misconduct.
And see, Lomelo v. City of Sunrise, 423 So.2d 974, 976 (4 D.C.A.Fla., 1982), petition for review dismissed, 431 So.2d 988
(Fla. 1983), noting that the common law obligation to pay attorney's fees arises independently of statute and holding that "[t]he rule and its rationale apply as well pre-payment as post-payment." See also, AGO 85-51, concluding that a city was authorized to pay for the defense of its former city manager charged with violating s. 112.313(6), F.S., where the Commission on Ethics found no probable cause and dismissed the complaint, if the governing body of the city determined that the alleged misconduct arose from the performance of official duties while the manager was serving a public purpose.
Therefore, I am of the view that a special master appointed by the circuit court to hear child support enforcement matters is entitled under common law to a defense at public expense in a civil action if the misconduct alleged in the civil action arose from the performance of official duties and occurred while the master was serving a public purpose. However, as noted in AGO 85-51, the determination as to whether the acts alleged in any particular complaint arose from the master's official duties and whether a public purpose was being served at the time of such acts is a mixed question of fact and law which is beyond the authority of this office to answer.
This office has been informed that the Division of Risk Management, Department of Insurance, has determined that there is no coverage under the Risk Management Trust Fund pursuant to s.284.31, F.S., for the claim on the basis that Mr. Alper "is indeed specifically an independent contractor as opposed to an agent." However, his entitlement to a defense at public expense presents a different issue involving common law. Thus, this opinion is expressly limited to whether public funds may be used to pay for the defense of the special master in the specific factual circumstances described herein, and no comment is expressed regarding the payment of any claim approved or judgment rendered against Mr. Alper.
In sum, it is my opinion that a special master appointed by the circuit court to hear child support enforcement matters is entitled to a defense at public expense in a civil action if the misconduct alleged in the action arose from the performance of official duties and occurred while the special master was serving a public purpose.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General