Mr. Henry Luke Chairman Duval County Research and Development Authority 4567 St. Johns Bluff Road South Jacksonville, Florida 32216-6699
Dear Chairman Luke:
You have asked substantially the following questions:
 1. Is the Duval County Research and Development Authority a `state agency or subdivision' for the purposes of s. 768.28, F.S. (1988 Supp.)?
 2. Is the Duval County Research and Development Authority `an agency of the state, or any county, municipality, or political subdivision of the state' for purposes of s. 111.07, F.S.?
In sum:
 1. The Duval County Research and Development Authority is a `state agency or subdivision' within the scope of s. 768.28, F.S. (1988 Supp.).
 2. The Duval County Research and Development Authority is a `political subdivision of the state' for purposes of s. 111.07, F.S.
The legislatively expressed purposes for research and development authorities created under Part V, Ch. 159, F.S. (1988 Supp.), include `promoting scientific research and development in affiliation with and related to the research and development activities of one or more state-based, accredited, public or private institutions of higher education; . . . financing and refinancing capital projects related to establishment of a research and development part in affiliation with one or more institutions of higher education . . . and . . . fostering the economic development and broadening the economic base of a county in affiliation with one or more institutions of higher education.'[1]
Research and development authorities are created by county ordinance as `a local governmental body . . . a public body corporate and politic . . . .'[2] Each authority is `a public instrumentality for the purposes of development, operation, management, and financing of a research and development park' and the exercise of the powers conferred by ss. 159.701-159.7095, F.S., is deemed to be the performance of an essential public purpose and function.[3]
QUESTION ONE
Section 768.28, F.S. (1988 Supp.), represents a legislative waiver of immunity from tort liability for the state `and for its agencies or subdivisions' to the extent provided in the act. The statute provides in part that:
 Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act.[4]
The statutory waiver is limited to $100,000 on any claim or judgment by one person or $200,000 for all claims arising out of the same incident or occurrence.[5]
As defined in s. 768.28(2), F.S. (1988 Supp.), `state agencies or subdivisions' include `independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities.'[6]
It is my opinion that a research and development authority created pursuant to Part V, Ch. 159, F.S. (1988 Supp.), as a `public body corporate and politic' and `a public instrumentality' with the powers described in the act is included within the scope of s.768.28, F.S. (1988 Supp.).[7]
Thus, provided that the members of the Duval County Research and Development Authority do not act in bad faith or maliciously or in a manner exhibiting a wanton and willful disregard of human rights, safety, or property, they are not personally liable in tort for injuries or damages suffered as a result of any act, event or omission of action within the scope of their official duties as members of the authority. Rather, the exclusive remedy for such injury or damage is an action against the authority or its governing board.
QUESTION TWO
Section 111.07, F.S., authorizes the defense, under certain circumstances, at public expense of civil actions against public officers, employees, or agents. The statute provides, in part, as follows:
 Any agency of the state, or any county, municipality, or political subdivision of the state, is authorized to provide an attorney to defend any civil action arising from a complaint for damages or injury suffered as a result of any act or omission of action of any of its officers, employees, or agents for an act of omission arising out of and in the scope of his employment or function . . . .
As a `local governmental body'[8] with the powers described in s. 159.705, F.S. (1988 Supp.),[9] the Deval County Research and Development Authority would appear to fall within the terms of s.111.07, F.S., as a political subdivision of the state.[10]
However, where s. 111.07, F.S., does apply, a court has held that the question of whether these provisions may be utilized in any particular civil action is primarily a determination to be made by the respective governmental unit whose officer, employee, or agent is being sued for acts or omissions arising out of and in the scope of his or her employment or function.[11]
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] Section 159.701, F.S. (1988 Supp.).
[2] Section 159.703(1), F.S. (1988 Supp.). And see, s. 159.705(1), F.S. (1988 Supp.), which authorizes research and development authorities `[t]o have perpetual succession as a body politic and corporate . . . .'
[3] Id.
[4] Section 768.28(1), F.S. (1988 Supp.).
[5] Section 768.28(5), F.S. (1988 Supp.).
[6] Cf., s. 1.01(9), F.S., defining, inter alia, a `political subdivision' to include `all other districts in this state.'
[7] Cf., AGO's 87-53 (county land authority), 86-74 (hospital district), 79-13 (canal authority), and 78-33 (housing authority), concluding that the special districts and authorities considered therein were `state agencies or subdivisions' for purposes of s.768.28, F.S.
[8] Section 159.703(1), F.S. (1988 Supp.).
[9] A research and development authority is authorized by the provisions of s. 159.705, F.S. (1988 Supp.), to `have perpetual succession as a body politic and corporate . . .', to `enter into contracts for any of the purposes enumerated in ss.159.701-159.7095 . . .', and to `exercise all the powers in connection with the authorization, issuance, and sale of revenue bonds to finance the cost of capital projects conferred on counties, municipalities, special districts, and other local governmental bodies by the Florida Industrial Development Financing Act.'
[10] Cf., s. 1.01(9), F.S., defining `political subdivision' to include `all other districts in this state[.]', and s.200.001(8)(e), F.S., defining `[i]ndependent special district.'
[11] Nuzum v. Valdes, 407 So.2d 277 (3d D.C.A. Fla., 1981). And see, AGO 82-31 (Marine patrol officers in the Florida Department of Natural Resources, while employed in approved off-duty partime jobs with other employers are not then performing official duties of the department and are not within the scope of their employment with the department and are not entitled to a publicly provided defense by or at the expense of the Department of Natural Resources under the terms of s. 111.07, F.S., to defend any civil action arising from a complaint for damages or injury suffered as a result of any act or omission of action arising out of and in the scope of employment with another employer.)