Mr. Terence M. Brown Baker County Attorney Post Office Drawer 40 Starke, Florida 32091
Dear Mr. Brown:
You have asked substantially the following question:
 May Baker County expend public funds for the defense of a volunteer firefighter charged with vehicular manslaughter in connection with an accident which occurred while the firefighter was responding to a call?
In sum:
 Baker County is obligated to furnish or pay legal fees for counsel to defend a volunteer firefighter in a criminal proceeding where the governing body of the county has made a determination that the conduct complained of arises out of the firefighter's official duties and occurred while serving a public purpose.
Section 111.07, F.S., provides in part that:
 Any agency of the state, or any county, municipality, or political subdivision of the state, is authorized to provide an attorney to defend any civil action arising from a complaint for damages or injury suffered as a result of any act or omission of action of any of its officers, employees, or agents for an act or omission arising out of and in the scope of his employment or function, unless, in the case of a tort action, the officer, employee, or agent acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.[1]
The provisions of this statute are limited to civil actions and would not extend to vehicular homicide which is a crime.[2]
However, pursuant to the common law, a public officer is entitled to legal representation at the public expense in a lawsuit which arises from the performance of official duties while serving a public purpose.[3] The rationale for this principle is that to deny a public official representation for acts which arise from the performance of his or her official duties would have a chilling effect upon the proper performance of those duties and the diligent representation of the public interest.[4]
In Lomelo v. City of Sunrise,[5] the Mayor of the City of Sunrise (Lomelo) was charged with corruption by threat against a public servant. Lomelo was subsequently acquitted on these criminal charges and sought reimbursement from the city for his legal expenses in successfully defending this action. In determining that the mayor was entitled to payment of his legal fees the district court of appeal relied on the common law principle and enunciated it as follows:
 [A] municipal corporation or other public body is obligated to furnish or pay fees for counsel to defend a public official subjected to attack either in civil or criminal proceedings where the conduct complained of arises out of or in connection with the performance of his official duties. This obligation arises independent of statute, ordinance or charter. It is not subject to the discretion of the keepers of the city coffers.[6]
However, the determination of whether the acts of the firefighter in the instant case arose from the performance of his or her official duties or whether those acts served a public purpose rests with the governing body of the county.[7] The Attorney General is not authorized to make such a determination for the county nor may the county delegate that determination to the Attorney General.[8]
Thus, Baker County is obligated to furnish or pay legal fees to defend a volunteer firefighter charged with the crime of vehicular homicide if the county determines that the firefighter's conduct arose from the performance of his or her professional duties and occurred while the firefighter was serving a public purpose.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] Cf., AGO 82-31 which concludes that marine patrol officers while employed in off-duty part-time jobs with other employers are not then performing official duties of the Department of Natural Resources and are not within the scope of their employment with the department and would not, therefore, be entitled to a publicly provided defense by the Department of Natural Resources pursuant to s. 111.07, F.S.
[2] Section 782.071(1), F.S., provides that:
 "Vehicular homicide" is the killing of a human being by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another. Vehicular homicide is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[3] See, Nuzum v. Valdes, 407 So.2d 277 (3 D.C.A.Fla., 1981). And see, Markham v. State, Department of Revenue, 298 So.2d 210 (1 D.C.A.Fla., 1974), cert. den., 309 So.2d 547 (Fla. 1975).
[4] Nuzum, supra at p. 279.
[5] 423 So.2d 974 (4 D.C.A.Fla., 1982), petition for review dismissed, 431 So.2d 988 (Fla. 1983).
[6] Id. at p. 976. Cf., AGO 85-51 (City of Kissimmee authorized to pay for defense of former city manager charged with violation of s. 112.313[6], F.S., if Commission on Ethics found "no probable cause" and dismissed complaint, where city's governing body determines that alleged misconduct arose from performance of manager's official duties and while serving a public purpose).
[7] Cf., s. 768.28(9)(b)1., F.S., making a volunteer firefighter an employee of the state or its subdivisions for purposes of immunity from personal liability in tort suits based on actions taken within the scope of his or her employment or function; AGO 86-65 (critical feature of an agency relationship is principal's right to control actions of agent with regard to details or task to be accomplished); AGO 76-188 (agency relationship is created by consent of parties and does not require consideration or compensation to agent).
[8] See, e.g., AGO's 86-35 and 85-51.