The Honorable Ed Dean Sheriff, Marion County Post Office Box 1987 Ocala, Florida 34478
Dear Sheriff Dean:
You ask substantially the following question:
May county funds be used to pay the legal fees of a successful political candidate who is an indispensable party to a suit contesting the results of an election, when the canvassing board has been charged with failure to carry out its statutory duties?
In sum:
County funds may not be used to pay the legal fees of a successful candidate in a contested election, regardless of whether the candidate is an indispensable party to the suit and whether charges have been made against the canvassing board.
Section 102.168(1), Florida Statutes, provides that:
"Except as provided in s. 102.171, the certification of election or nomination of any person to office, or of the result on any question submitted by referendum, may be contested in the circuit court by any unsuccessful candidate for such office or nomination thereto or by any elector qualified to vote in the election related to such candidacy, or by any taxpayer, respectively."[1]
The statute sets forth the grounds for contesting an election as follows:
"(a) Misconduct, fraud, or corruption on the part of any election official of any member of the canvassing board sufficient to change or place in doubt the result of the election.
(b) Ineligibility of the successful candidate for the nomination or office in dispute.
(c) Receipt of a number of illegal votes or rejection of a number of legal votes sufficient to change or place in doubt the result of the election.
(d) Proof that any elector, election official, or canvassing board member was given or offered a bribe or reward in money, property, or any other thing of value for the purpose of procuring the successful candidate's nomination or election or determining the result on any question submitted by referendum.
(e) Any other cause or allegation which, if sustained, would show that a person other than the successful candidate was the person duly nominated or elected to the office in question or that the outcome of the election on a question submitted by referendum was contrary to the result declared by the canvassing board or election board."[2]
The canvassing board or election board is designated as a proper party defendant, while the successful candidate is made an indispensable party to any action contesting an election or nomination of a candidate.[3]
A suit, naming you as a defendant, has been filed contesting the November 2000 election for Marion County Sheriff. Grounds for the suit are cited as misconduct on the part of election officials, receipt of illegal votes or rejection of legal votes, vote tabulation errors, and the canvassing board's failure to properly report to the Division of Elections the tabulation errors and corrective actions taken. You question whether the fact that none of the grounds for the contest relates to actions by you would lead to a different conclusion than that reached in Attorney General Opinion 77-87.
In Attorney General Opinion 77-87, this office was asked whether the successful candidate for the office of supervisor of elections could use county funds or funds in the budget of that office to defend an election contest suit in the supervisor's individual capacity. In that opinion, the supervisor had been charged with unlawfully soliciting absentee ballots. No charges had been made alleging improper actions by the county canvassing board. The opinion primarily relies upon Markham v. State, Department ofRevenue[4] to assess the situation. In Markham, the unsuccessful candidate for tax assessor had sued the successful candidate in his individual capacity, as well as the county canvassing board. The question before the court was whether the successful candidate could use office funds to pay for his defense. The successful candidate claimed that since the election contest only involved the propriety of the canvassing board counting certain questioned absentee votes, without any allegations of personal wrongdoing, the suit was public rather than personal. The court rejected this argument and found that the public's interest in an election contest suit is that the properly elected candidate hold office, not that any particular person hold the office. Concluding that the use of public funds for the successful candidate's defense would be improper, the court found that the suit in no way involved the official duties of the office, but was a "pure and simple" election contest relating to the validity of certain absentee votes.
Applying the rationale in Markham and similar cases, this office concluded that the expenditure of public funds by the successful candidate in defending an election contest would be improper.
While the question of public funds being used to pay attorney's fees for defending an election contest suit has not been directly addressed subsequently, several cases have mentioned Markham with approval.[5] In Thornber v. City of Fort Walton Beach,[6] the Supreme Court of Florida reiterated the established proposition that in order for a public official to be entitled to representation at public expense, the litigation must arise out of or be in connection with the performance of official duties, and it must serve a public purpose.[7] This standard remains the appropriate measure to determine whether public funds may be expended for legal representation. It should also be noted that no statutory changes have occurred that would affect the conclusions of the Markham court or this office.[8]
In this instance, the election contest action did not arise out of or in connection with the performance of your official duties as sheriff. Moreover, while it could be argued that the public has an interest in having a sheriff in office to ensure the uninterrupted function of that office, it could be asserted that more importantly the public possesses the right to have the sheriff who was properly elected in office.
Accordingly, it is my opinion that county funds may not be used to pay for the defense of a successful candidate in an election contest suit, regardless of whether the charges arise from alleged improprieties by the county canvassing board or by the successful candidate.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 102.171, Fla. Stat., prescribes the jurisdiction and procedures for contesting an election to the Legislature, making the house to which the candidate has been elected "the sole judge of the qualifications, elections, and returns of its members."
[2] Section 102.168(3), Fla. Stat.
[3] Section 102.168(4), Fla. Stat.
[4] 298 So.2d 210 (Fla. 1st DCA 1974).
[5] See, Lomelo v. City of Sunrise, 423 So.2d 974, 976 (Fla. 4th DCA 1982) (public funds may not be expended for other than public purposes; public officers are entitled to a defense at the expense of the public in a law suit arising from the performance of the officer's official duties and while serving a public purpose); Nuzum v. Valdes, 407 So.2d 277, 279 (Fla. 3d DCA 1981) (when a public officer is charged with misconduct while performing his official duties and while serving a public purpose, public has a primary interest in the controversy and should pay the reasonable and necessary legal fees incurred by the public officer in successfully defending against unfounded allegations of official misconduct).
[6] 568 So.2d 914 (Fla. 1990).
[7] In Thornber, council members defended against a recall petition arising from alleged malfeasance of meeting in violation of the sunshine law and subsequently voting at a public meeting to effectively dismiss the city manager and police chief. The Court found that both prongs of the test were satisfied: the vote at a public meeting was within their official duties and their defense served a public purpose in protecting its officers from untimely and illegal recall petitions and ensuring the effective and efficient functioning of its governing body.
[8] You note that s. 102.168, Fla. Stat., makes the successful candidate an indispensable party to an election contest suit, whereas it previously, as s. 102.161, Fla. Stat. (cited in Op. Att'y Gen. Fla. 77-87 [1977]), made the successful candidate and the canvassing or election board "proper party defendants." I would note that this amendment was made by s. 28, Ch. 77-175, Laws of Florida, during the 1977 legislative session, and no subsequent interpretations of the statute would alter the conclusion reached in Markham or this office's opinion.